Gray, Burt & Kingman v. Farmer.

GRAY, BURT & KINGMAN, PLAINTIFFS IN ERROR, V. V.
E. FARMER, DEFENDANT IN ERROR.

1. **Instructions** given to a jury must be construed together, and
   if, when considered as a whole, they properly state the law it is
   sufficient. *The S. C. & P. R. R. Co. v. Finlayson*, 16 Neb., 578.

2. **The Verdict**, *Held*, Unsustained by the evidence.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*A. C. Platt* and *Harwood & Ames*, for plaintiffs in er-
ror, cited: *Milton v. State*, 6 Neb., 144. *Mutual Hail
Ins. Co. v. Wilde*, 8 Neb., 427. *Holland v. Griffith*, 13
Neb., 475. *Shapleigh & Co. v. Dutcher*, 15 Neb., 564.

*Lamb, Ricketts & Wilson*, for defendant in error, cited:
*St. Louis v. State*, 8 Neb., 405. *Parrish v. State*, 14 Neb.,
61. *Murphy v. State*, 15 Neb., 383. *S. C. & P. R. R. v.
Finlayson*, 16 Neb., 578.

COBB, J.

On the first trial of this cause in the district court there
was a verdict and judgment for the plaintiffs. The judg-
ment was reversed on error in this court. The case is re-
ported in 16 Neb., 401. Upon the second trial there was
a verdict and judgment for the defendant. The plaintiffs
now bring the cause to this court on error.

Two principal errors are assigned:

1. As to the instructions. With other instructions
prayed by the plaintiffs and given by the court, the fol-
lowing was also given: " 8. If the goods in controversy
actually arrived in Lincoln over a different line of road
than that over which defendant ordered them sent (if he
did so order), and the defendant, with full knowledge of

the condition of the said goods, accepted the rice (being one of the items of goods in said plaintiff's bill mentioned) after its arrival in Lincoln over the same road as the other goods, though at a later date, then the jury are instructed that the defendant waived the shipping instructions he gave (if any), and could not refuse to take the balance of the goods ordered at the same time as said item of rice (on the ground that the plaintiff had violated shipping instructions), even if said goods were damaged in transit, provided that the jury further find that said goods were delivered according to sample, in good, marketable condition to such railway company in Chicago."

Plaintiffs in error claim that, after having given the above instruction, it was error on the part of the court to give the following, numbered 2 and 3, which were prayed by the defendant and given by the court: " 2. You are instructed that if you find from the evidence that the defendant, at any time previous to the shipment of the goods sued for, gave plaintiff's agent, Whaley, orders to ship all goods ordered by the defendant of the plaintiffs over the Chicago, Burlington & Quincy railroad, and that such directions were not afterwards countermanded or waived, then it would be immaterial whether defendant directed this particular shipment to be made over that road, and if you find from the evidence that such directions were given by defendant, and disregarded by the plaintiffs, you will find for the defendant. 3. The plaintiffs seek to recover for goods sold and delivered to the defendant, and you are instructed that if the defendant directed plaintiffs to ship all goods ordered by him of them over the Chicago, Burlington & Quincy railroad, and the plaintiffs shipped the goods sued for over the Chicago, Rock Island & Pacific railroad, and if you further find that they were injured in transit, then defendant was under no obligation to take them, and you will find for the defendant, unless such instructions or orders had or have been waived by defendant."

I cannot say that there is any inconsistency or discrepancy in these instructions. In number 8 the court tells the jury that the acceptance by the defendant of the rice, knowing the condition of the other goods, amounted to a waiver on his part of the order previously given by him (if such order was given) to have the goods shipped over the C. B. & Q. railroad; and in numbers 2 and 3 it tells them that if they find that such order had been given, had been disobeyed by the plaintiffs, and the goods shipped by another route, and that order had neither been countermanded nor waived by defendant, and the goods were injured in transit, that then defendant was under no obligation to take them, etc. This court has held, in the cases cited by counsel for defendant in error, to the effect that all the instructions given the jury must be construed together; and if when considered as a whole they properly state the law, it is sufficient. Following this rule, I think that the instructions complained of by counsel for plaintiffs in error, although, if considered alone, might be deemed objectionable, yet, when considered in connection with and viewed by the light of instruction No. 8, they are free from objection.

2. Is the verdict of the jury sustained by the evidence? It appears from the evidence that at the date of the trial the defendant was, and had been for the preceding fourteen or fifteen years, engaged in the business of a retail grocer in Lincoln, buying largely at wholesale at Chicago and other markets; that for the period of one year and a half or two years prior to the date of the principal transactions involved in this controversy, say the middle part of the month of June, 1882, defendant was a constant customer of the plaintiffs, making purchases of groceries of them as often, if not oftener, than once in each month. These purchases had generally, if not always, been made by order and sample through one E. E. Whaley, a traveling agent or solicitor of the plaintiffs. It was the custom of

this agent to call on the defendant at his store, at the city of Lincoln, as often as once or twice per month, exhibit to him his samples, and solicit orders from him for bills of goods, to be shipped from Chicago. On some of these occasions defendant would make and deliver to said agent orders for goods, and sometimes he would not. At this time there were at least three principal competing lines of railroad carrying freight between Chicago and Lincoln: The Chicago, Burlington & Quincy railroad, the Chicago, Rock Island & Pacific, in connection with the Union Pacific railroad, and the Chicago & Northwestern, in connection with the Union Pacific railroad. On one or more occasions, at or near the commencement of the dealings between the plaintiffs and defendant as above stated, and upon the occasion of the making and delivery to the said Whaley of one or more of the orders for goods, as above stated, the defendant directed the said Whaley to ship all goods to him by the Chicago, Burlington & Quincy railroad. On the 13th day of June, 1882, the defendant, through the agency of the said Whaley, forwarded to the plaintiffs an order for a bill of goods, as follows:

3 bbls. ex. C Sugar.
3   "   St. D A Sugar.
3   "   ."   Gran.   "
1 bag 52 Rice.
3 cases Arb. Coffee.
6 kits 12, 1, Bay Mkl.
6   "   12, 1, Med.   "
12   "   12, 1, Wht Fish.
6   "   12 Fam.   "
1 Bx. 2 Halibut.
2   "   Star 8's candles.
1 Bbl. Schumacher's Amber Graham.

This order was received by the plaintiffs on or about the fifteenth day of the said month, and the goods therein

called for, all except the bag of rice, were shipped to the defendant by the plaintiffs by and over the Chicago, Rock Island and Pacific railroad, on or about the 16th day of June, 1882. The plaintiffs not having the rice in their store at that time, the same was not shipped until on or about the 21st day of June, when the same was shipped by the same railroad. The goods, except the rice, arrived at Lincoln in the night of June 25, 1882, by the Union Pacific railroad, having been transferred to it by the Chicago, Rock Island and Pacific railroad, at Council Bluffs, the point of junction of the two roads. These goods were inspected by the defendant on the 26th day of June, and found to be in bad order, having passed through the hurricane of the nineteenth day of that month at Grinnell, Iowa. It appears, also, that the bag of rice shipped over the same road on or about the 21st day of the month as above stated arrived at Lincoln, also over the Union Pacific railroad, on the night of the 26th day of June, and was received and accepted by the defendant on the 27th day of June, and was afterwards paid for by him without protest or objection. But defendant refused to receive or to pay for the other goods.

By the eighth instruction, above quoted, the court told the jury, in effect, that if they should find from the evidence that the defendant instructed the plaintiffs to ship the goods over a specified line of railroad, but that they shipped them over another and different line, and the defendant, with full knowledge of the condition of the goods, accepted the rice (being one of the items of goods in said plaintiff's bill mentioned) after its arrival in Lincoln over the same road as the other goods, though at a later date, then they were instructed that the defendant waived the shipping instructions, and could not refuse to take the balance of the goods, on the ground that the plaintiffs had violated shipping instructions, etc.

Accordingly, even without reference to the special find-

ings, it is manifest that in order to reach the verdict for the defendant the jury must have found that the defendant did not receive and accept the bag of rice with knowledge of the condition of the other goods shipped over the same road and embraced in the same order and bill as the rice; but by reference to the special findings it will be seen that by their sixth special finding they say that, "Mr. Farmer, prior to the loss or destruction of the goods in controversy," did not "waive such direction for the shipment of his goods, so given by him."

It is impossible to say to what extent the jury were misled by the submission to them of this special finding as it was submitted. They should have been directed to find the presence or absence of the facts which the court in the general charge had told them would amount to a waiver of the shipping instructions. But, so far as their special finding is concerned, in view of the evidence, it is manifest that they simply differed with the court as to the effect of the acceptance of the rice by the defendant as matter of law.

It is not my purpose to quote the testimony from the bill of exceptions, but will content myself with saying that there is scarcely a conflict of evidence as to the acceptance by the defendant of the bag of rice, without protest or complaint on account of the route by which it had been shipped, with knowledge that all the goods had been shipped over the Chicago, Rock Island & Pacific railroad instead of the Chicago, Burlington & Quincy railroad, and that the goods, other than the rice, had been caught in a severe storm on the line of said first named railroad, and greatly damaged, and of the extent of such damage. It is true that the defendant testified on the trial that he did not think that he knew of the damage to the other goods when he accepted the rice, but he declared that he would have accepted the rice just the same if he had known of the damage to the other goods. The testimony of several other witnesses to the facts as to the time when defendant in-

spected the damaged goods, when he accepted the rice, and the want of positiveness on the part of defendant to the contrary, should have left no doubts on the minds of the jury on that subject; and the rice was paid for by defendant nearly two months after the inspection by him of the damaged goods. I conclude, therefore, that in so far as the verdict of the jury involved the finding, that defendant did not accept and pay for the rice with knowledge of the damage to the other goods and of the line over which they had all been shipped, it is not sustained by the evidence. As there must be a third trial, I will refrain from animadverting upon the legal effect of the long acquiescence of the defendant in the disregard of his shipping instructions by the plaintiffs before the occasion which he now seeks to take advantage of.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.