BENJAMIN H. BARTLING, PLAINTIFF IN ERROR, V. J. H. BEHRENDS, DEFENDANT IN ERROR.

1. **Evidence** examined, and found to sustain the verdict.

2. **Instructions to Jury.** It is proper for a trial court to instruct a jury as to the law applicable to all theories of a case on trial, leaving the jury to find the facts and to apply the law to the facts found.

3. ———. The instructions given to a jury must be construed together, and if, when considered as a whole, they properly state the law, it is sufficient.

4. ———. Instructions examined, and found to be correct and applicable to the case at bar.

ERROR to the district court for Otoe county.    Tried below before HAYWARD, J.

*Frank T. Ransom,* for plaintiff in error, cited:    *Horton v. Green,* 66 North Carolina, 596.    *Tewkesbury v. Bennett,* 31 Iowa, 83.    *Baker v. Henderson,* 24 Wis., 509.

*John C. Watson* and *Thomas B. Stevenson,* for defendant in error.

REESE, J.

This action was on a promissory note executed by defendant to plaintiff.    The answer of defendant admitted the execution of the note sued on, but alleged as a defense thereto that the note was given for the purchase price of a self-binder harvester, sold by plaintiff to defendant, and that the harvester was sold with a warranty as to its quality, which was broken, and that the harvester was worthless, and returned to plaintiff.    The reply admits that the consideration of the note was the purchase of the harvester, but denies the other allegations of the answer.    There was a jury trial, which resulted in a verdict and judgment for defendant.    Plaintiff alleges error, and brings the cause to this court for review.

The first contention of plaintiff in error is that the verdict is not sustained by sufficient evidence.    We have carefully examined the testimony, and cannot so hold.    There is a sharp conflict in the testimony, each side, of course, contending for and seeking to establish a condition of things which would insure a verdict in the direction sought. While, were the question submitted to us in the first instance, we might, and probably would, have decided otherwise; yet the jury to whom the questions of fact were submitted have been convinced that the theory of fact contended for and testified to by defendant and his witnesses

was the correct one.   The defendant testified clearly to the warranty, and that the harvester did not comply therewith. As to the warranty he is in part corroborated by his wife, who was present, and who testified that plaintiff told them that the harvester " would give satisfaction in all things." As to the failure of the machine to do the work required of it, he is corroborated by the witnesses Haye, Koop, Willman, Blair, and Brady.   All testified with more or less directness to the failure of the harvester when tried in the field·

The machine was bought in 1883.   The notes were executed in the fall of that year—after the harvesting season —and the machine was not returned until July 1885— about harvest time.   These facts, unexplained, are inconsistent with the idea of good faith on the part of defendant, but his explanation was submitted to the jury and they found it sufficient.   This was that the season of 1883 was a wet one, and such a trial could not be made as was satisfactory to plaintiff, and at his request it was retained for trial another year.   That the notes were given with the express understanding that they were to be held subject to such trial, and that in the harvest of 1884 the harvester failed to perform, and due notice was given to plaintiff, but that at plaintiff's suggestion defendant did not return it and new trials were made, a new binder attachment provided, and additional trials made, until defendant took another machine and cut the grain.   If the jury believed the testimony of defendant and his witnesses—which they seem to have done—they were justified in finding as they did.

It is objected that there was error in the instructions given to the jury by the court.   The fourth paragraph was as follows :   " Simply because the machine failed to give satisfaction to the defendant does not relieve him from the payment of the note; it devolves upon him to show that the machine was a failure as a binder, and did not do good work, and that when he learned that the machine failed to

do good work he notified the plaintiff of such .fact, and
returned, or offered to return, the machine to plaintiff; and
if he retained the machine, making no complaint and
no offers to return the machine, but kept using it without
complaint for two or three seasons, it would then be too
late to complain or to return the machine, and in such case
he should pay the note sued on."

It is said that "the effect of this instruction is that
defendant would be liable on the ground that he made no
complaint. If he kept the machine season after season
and used it; cut his grain and harvested his crop with it;
if he made complaint that was all that was necessary," etc.

We cannot see that this instruction is subject to the crit-
icism made. The jury are squarely told that the mere
failure of the machine to give satisfaction to the defend-
ant would not relieve him from liability, but that he
must go further, and show that the machine was a failure
as a binder, that it did not do good work, and that he
notified plaintiff of the fact, and that he returned, or
offered to return, the machine. This is followed by the
statement in substance, that if he retained the machine,
made no complaint nor offers to return it, and used it for
two or three seasons (as contended for by plaintiff) he must
pay the note.

Paragraph three is objected to on undoubtedly the same
grounds. It is as follows:

" If you find from the evidence that defendant, Behrends,
took and used the machine and retained it for three seasons,
making no complaints of the machine to Bartling, you
have a right to presume that he was satisfied with and in-
tended to keep the machine, and if you so find, you will
return a verdict for the plaintiff."

It is entirely competent for a trial court to instruct a
jury upon the law bearing upon the theory of each party
to the suit. This instruction contains the elements of
plaintiff's theory of the case, and the jury are told that if

they find with him on the facts, this verdict should be in his favor. This was right.

Plaintiff further contends that "the fifth paragraph of the court's charge to the jury says to the jury that the plaintiff sold the machine with a warranty, or accompanied the sale with representations or statements that amounted to a warranty." This instruction is as follows:

"Before you can find against the plaintiff you must find from the evidence that the machine sold defendant was not a good machine, would not do good work, and as a binder was a failure, and was not such a machine as Bartling told Behrends he was selling him."

This criticism would have weight, perhaps, were it not for the fact that in the third instruction the court charged the jury expressly, that before they could find for defendant they must find that the machine "was sold with a warranty, and that it was not such a machine as it was warranted to be." Other instructions were given which, to our minds, fairly presented the case to the jury. They should be construed together, and if upon the whole the law is correctly stated, it will be sufficient.

We perceive no error for which the judgment of the district court should be reversed. It is therefore affirmed.

JUDGMENT AFFIRMED.

The other judges concur.