Nelson v. Jenkins.

## P. A. NELSON v. W. JENKINS.

FILED OCTOBER 3, 1894.   No. 5766.

1. **Trespass.** In order to maintain trespass to land the plaintiff must be the owner, or in possession thereof, when the acts complained of were committed.

2. **Bill of Exceptions:** OMISSION OF EVIDENCE: CERTIFICATE OF JUDGE. The certificate of the trial judge attached to a bill of exceptions, reciting that " the bill contains all the ·evidence offered or adduced by either party," is unavailing, and will not' control, where the bill on its face reveals the fact that important and material evidence has been omitted therefrom; and in such case the verdict will not be set aside as contrary to the evidence.

3. **Trial:** ERRONEOUS ADMISSION OF EVIDENCE: WITHDRAWAL: REVIEW. Error cannot be successfully assigned upon the admission of evidence, when the trial court subsequently strikes the evidence from the record and withdraws it from the jury's· consideration.

4. **Instructions:** REVIEW. Instructions to the jury must be considered together, and if then they state the law applicable to the facts and the issues made by the pleadings, it is sufficient.

5. **Highways:** ADVERSE USER. It is not indispensable to the establishing of a highway by adverse user that there be no deviation in the line of travel. If the travel has remained substantially unchanged, it is sufficient, even though at times, to avoid encroachments or obstructions upon the road, there may· have been a slight deviation from the common way.

ERROR from the district court of Dixon county. Tried below before NORRIS, J.

*Jay & Beck,* for plaintiff in error.

*Barnes & Eames, contra.*

NORVAL, C. J.

This suit was brought in the district court by P. A. Nelson to recover damages for trespass upon the south half·

of the northeast quarter of section 9, in township 28, range 8 east, in Dixon county, by reason of the defendant cutting down a fence erected and standing upon said real estate. The petition contains the usual averments in an action in trespass. The defendant filed an answer, which, after admitting the cutting down of the fence in controversy, alleges that the same was erected over and across a public highway, and denies the other averments of the petition. The plaintiff for reply denies each allegation in the answer contained. From a verdict and judgment in favor of the defendant the plaintiff prosecutes a petition in error to this court.

· The first assignment of error relates to the sufficiency of the evidence to sustain the verdict and judgment. The defendant admits that he cut down and removed the fence in dispute, but contends that the place where the same was standing was a part of the public road or highway, and therefore he committed no trespass. The principal question argued in the briefs is, whether a highway was established by adverse user by the public for the period of ten years; but, with the view which we entertain of another feature of the case, it will not be necessary to consider the evidence relating to the establishment of the road in controversy, or to decide whether a highway was in fact established by the proofs. Though it be conceded that there was no legal road at the point where the alleged trespass was committed, still the verdict was not contrary to the evidence. In order to maintain trespass to land the plaintiff must be the owner, or in possession thereof, when the acts complained of were committed. This question has more than once been so decided by this court. ( *Yorgensen v. Yorgensen,* 6 Neb., 383; *Chicago, R. I. & P. R. Co. v. Shepherd,* 39 Neb., 523; *Hanlon v. Union P. R. Co.,* 40 Neb., 52.) The petition in this case fails to allege that plaintiff was in possession when the alleged trespass was committed, but avers that he was at that time the owner

of the land. This allegation of ownership was put in issue by the defendant's answer, and it therefore devolved upon the plaintiff to establish by competent evidence that he had title to the real estate upon which the fence was situated. It appears from an inspection of the bill of exceptions that plaintiff upon the trial introduced in evidence a deed to the premises, and it is also recited that the original of which deed is attached to the bill of exceptions and marked "Exhibit A." There is no such exhibit attached to, nor is the original deed, or a copy thereof, made a part of, the bill of exceptions in the case. The evidence fails to disclose the name either of the grantor or grantee described in the deed referred to, or that the conveyance was executed prior to the time the alleged trespass was committed. While the judge's certificate attached to the bill of exceptions contains the statement that "the bill contains all the evidence offered or adduced by either party," such recital is unavailing and will not control, inasmuch as the bill on its face reveals the fact that important evidence, the deed, is omitted. (*Missouri P. R. Co. v. Hays*, 15 Neb., 224; *Oberfelder v. Kavanaugh*, 29 Neb., 427; *Schneider v. Tombling*, 34 Neb., 661; *Dawson v. Williams*, 37 Neb., 1.) It follows that, as the entire evidence adduced in the trial court has not been embodied in a bill of exceptions, the verdict cannot be molested on the ground that it is unsupported by, or is contrary to, the evidence.

There are two assignments of error which relate to the admission of testimony. The defendant at the trial, for the purpose of establishing a highway by proceedings under the statute, was permitted to place in evidence the records of the county board of Dixon county relating to the laying out of the road over the land in question, and to introduce, over the objections of the plaintiff, oral testimony as to the contents of the petition upon which it was claimed the county board had acted. It is strenuously insisted that the admission of this was erroneous. The

record shows that the objectionable testimony was subsequently, during the progress of the trial, stricken out by the court, and the error, if any, in its admission was thereby cured, especially since the consideration of the evidence was withdrawn from the jury. While the court in its instructions did not in express language direct the jury to disregard the testimony which had been stricken out, the charge of the court was so framed as not to submit to the jury for their determination the question whether a highway had been located and established in accordance with statutory requirements. Therefore the testimony in question was as fully and completely withdrawn from the jury as if they had been told in unequivocal language to disregard it.

Complaint is made of the giving of the third paragraph of the court's charge, which is in the following language: "You are instructed that a public highway may be established by adverse use for a period of ten years or more. A peaceable, continuous, and uninterrupted use of a piece of ground, as a road by the public, for ten years or more, creates what is called a 'prescriptive' right to use the road as such, and this right continues until it is clearly and unmistakably abandoned by the public." It is urged, in argument, that this instruction is not applicable to the evidence, but that the jury should have been told that a public road could only be established by adverse user where the lands are cultivated and improved. The instruction should be read and construed in connection with the second and third instructions given at the request of the plaintiff in error, which read as follows:

" 2. The jury are instructed that before a highway can be established by adverse user it must be shown by a fair preponderance of the evidence that the same has been traveled and used by the public as a highway, and has been claimed as such for ten years continuously, and that the travel thereon has been confined to definite, fixed limits,

which must be the same as the boundaries of the highway sought to be established.

"3. You are instructed that no highway can be established by adverse user of wild, uninclosed, or uncultivated lands."

It is a familiar doctrine that instructions to the jury must be construed together, and if then they state the law applicable to the issues and evidence, it is sufficient. (*Gray v. Farmer*, 19 Neb., 69; *Bartling v. Behrends*, 20 Neb., 211; *Campbell v. Holland*, 22 Neb., 589; *City of Lincoln v. Smith*, 28 Neb., 762.) Considering these three instructions together, it is manifest that the law was stated quite as favorably to the plaintiff in error as he was entitled to have given to the jury. There is no conflict in the above third paragraph of the court's charge and the third request of the plaintiff in error. The former stated the general rule relating to the establishing of public roads by adverse user, while the latter stated the exception to such rule, that a highway could not be established by mere user over wild, uninclosed lands. Each instruction is entirely consistent with the other and the jury could not have been misled by the giving of the same.

It is finally urged that the third instruction given at the instance of the defendant in error is erroneous, which instruction reads thus: " The jury are instructed that where evidence is introduced which tends to establish a highway by user or,dedication, it is not necessary that the travel shall be upon the identical thread of travel, during all the time, but the travel may be slightly deviated to avoid obstructions." It is not indispensable to the establishment of a highway over lands, by prescription, or adverse user, that there be no deviation in the line of travel. If the point of travel has remained substantially unchanged for the full period it is sufficient, even though at times, to avoid encroachments or obstructions upon the road, there may have been slight changes in the line of travel. (*City of Be-*

*atrice v. Black,* 23 Neb., 263.) The instruction of which complaint is made correctly states the rule, and is based upon the evidence in the case.

We conclude that the record discloses no ground for disturbing the verdict, and the judgment is therefore

AFFIRMED.

60.376