EDWARD A. WARNER v. CYRUS HUTCHINS, TRUSTEE.

FILED JUNE 2, 1896.    No. 6469.

1. **Bill of Exceptions: OMISSION OF TESTIMONY: REVIEW.** Where it is apparent from an inspection of a bill of exceptions that material evidence has been omitted therefrom, the judgment or order complained of will not be reversed on account of the insufficiency of the proof. (*Nelson v. Jenkins*, 42 Neb., 133.)

2. ———: CORRECTIONS. A motion to correct a bill of exceptions by supplying evidence omitted therefrom through inadvertence will not be entertained by this court. (*Bickel v. Dutcher*, 35 Neb., 761.)

ERROR from the district court of York county. Tried below before BATES, J.

*N. V. Harlan*, for plaintiff in error.

*Sedgwick & Power*, contra.

POST, C. J.

The defendant in error recovered judgment in the district court for York county against the plaintiff in error upon a promissory note of which the following is a copy:

"$263.16.                    YORK, NEB., Nov. 28, 1890.

"Sixty days after date, value received, I promise to pay
to the order of J. C. Kingsley, trustee, two hundred sixty-
three and 16-100 dollars, with interest at ten per cent per
annum.                              E. A. WARNER."

It appears from the petition below that previous to the
commencement of the action the plaintiff therein, Hutch-
ins, succeeded Kingsley, the payee, and, as trustee, be-
came the owner of said note. An answer was filed in
which it was in substance alleged that the note sued on
was given for the accommodation of the York Canning
Company, a corporation; that said corporation being
pressed for funds and about to lose valuable property by
sale under a decree of foreclosure, it was agreed by the
stockholders thereof, including the defendant, to ad-
vance the money necessary to discharge the said decree
and that said property should be purchased and held by
said Kingsley as trustee, for their benefit; that the note
above set out was given in pursuance of said agreement
and represents his, defendant's, advancement thereun-
der, and that the plaintiff below, as successor of the said
Kingsley, afterward, without authority, sold and dis-
posed of said property, then of the value of $5,000, realiz-
ing therefrom the sum of $1,850, and no more, to the de-
fendant's damage in the sum of $160. It is further al-
leged that there was an error in the computation by
which said note was executed, for $25.06, in excess of the
amount which the defendant should have advanced by
the terms of said agreement. There is also an allega-
tion of payment to the amount of $138.58, and a prayer
for judgment in the sum of $170. There was a reply, in
which it was alleged that the advancements made by the
stockholders, including the note of the defendant, having
proved insufficient to discharge the indebtedness contem-
plated by the agreement, the property mentioned was
sold in the execution of the trust thereby imposed and
the proceeds applied in partial satisfaction of the bal-
ance then due upon said indebtedness, and denying the

47

other allegations of the answer. There are other issues made by the pleadings which do not require notice, since the foregoing statement will be found to sufficiently illustrate the rule which must govern in the disposition of this cause. The verdict returned in accordance with the direction of the court was for $129.08, the credit, as appears from statements of counsel, being on account of payments as to which there was no dispute.

The evidence, it is conceded, was largely documentary, consisting of the agreement above referred to as well as the records of the corporation, which, although shown to have been received without objection, are not included in the bill of exceptions. It is on the part of the defendant in error contended that the exceptions should, in view of such obvious omissions, be entirely disregarded. That contention has substantial foundation in the decisions of this court. Indeed, it may be accepted as the settled rule that where the bill of exceptions on its face reveals the fact that material evidence has been omitted therefrom, the judgment or order will not be reversed for want of sufficient proof. (*Missouri P. R. Co. v. Hays*, 15 Neb., 224; *Nelson v. Jenkins*, 42 Neb., 133.) Counsel for plaintiff in error, recognizing the soundness of the rule stated, has requested leave to attach to the bill of exceptions copies of all exhibits therein referred to, and the motion in that behalf is submitted in connection with the merits of the cause. We are, however, without authority to entertain the motion or to make the correction sought. Exceptions, when allowed and certified in the manner prescribed by law, become records of the trial court, which, like the records of all judicial proceedings, are subject to the control of the court or judge by whom they are made and can neither be corrected nor amended by an appellate tribunal. (*Bickel v. Dutcher*, 35 Neb., 761.)

JUDGMENT AFFIRMED.