# WILLIAM SHEPHARD

*v.*

# ADARASTUS CALHOUN.

PAYMENT—*when indorsed on promissory note, presumed to be made by maker, and not by assignor.* When a general indorsement of a payment appears upon a note, the payment will be presumed to have been made by the maker, who is primarily liable, and not by the assignor upon the note, especially when the indorsement is made by the assignor himself, who has the note in his hands for collection against the maker.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. GEORGE W. HERDMAN, and Mr. R. M. KNAPP, for the plaintiff in error.

Messrs. WARREN & POGUE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action by Calhoun against Shephard, surviving partner of the banking firm of William Shephard & Co., composed of Shephard and Milton D. Robbins, to recover the amount of a promissory note for $1000 in favor of Calhoun, which he had previously left with said banking firm for collection. The plaintiff below recovered, and Shephard appeals.

The question presented is one of fact.

The note was collected, and the point in dispute is, whether Calhoun was given credit for the proceeds on another $4000 note, which Wm. Shephard & Co. held for collection against Calhoun.

The proof shows that, on the 6th of February, 1871, Calhoun executed a promissory note for $4000, payable to the order of Wm. Shephard & Co., three months after date, with ten per cent interest, with thirty per cent per annum after maturity, as liquidated damages. The note belonged to one Harley E. Hayes, who had it taken payable to Shephard & Co.'s

order, that they might assign it to him, and so become liable as assignors; they did assign the note to Hayes, and he then left it at Shephard & Co.'s bank, for collection.

On the 7th of February, 1872, one Joseph G. Marston, as principal, with Milton D. Robbins, one of the firm of Wm. Shephard & Co., as surety, executed to Calhoun a promissory note for $1000, payable six months after date, without interest until due. This note, which is the one involved in this suit, Calhoun, on the same day it was given, placed in the bank of Shephard & Co. for collection, the proceeds, when collected, to be placed as a credit on the $4000 note. On the 14th of February, 1872, Marston, the maker of the $1000 note, paid to Wm. Shephard & Co. $958.35, in full of the note, and took it up, they allowing him a discount of $41.65, as the note would not be due for six months, and was drawing no interest.

Hayes, the owner of the $4000 note against Calhoun, testified that, on the 13th day of February, 1872, Wm. Shephard & Co. placed a credit on the $4000 note of $1700, and that he received the money from Wm. Shephard & Co.; that he did not know whose money it was, or where it came from; that Calhoun afterwards paid Wm. Shephard the balance of the $4000 note, being $2850, and the note was given up to Calhoun in January, 1873. On the back of the $4000 note are the following indorsements of credits, all in the handwriting of Milton D. Robbins: "Aug. 6, '71, paid two hundred dollars;" "Feb. 6, '72, paid two hundred dollars;" "paid fifteen hundred dollars Feb. 13th, 1872."

This comprises, substantially, all the testimony.

The theory of appellant is, that the $958.35 paid by Marston to Shephard & Co. in full of the $1000 note, February 14, 1872, formed a part of the $1500 indorsed on the $4000 note against Calhoun February 13, 1872, or that the $1500 so indorsed, was the money of Wm. Shephard & Co., and was in fact paid on the note by them, and not by Calhoun. There is nothing in the evidence to support this theory further than that the $1000 note was left in the hands of Shephard & Co. to collect and apply the proceeds on the $4000 note; that Shephard & Co.

were assignors on the $4000 note, and that Hayes, the owner of that note, testifies that, on the 13th of February, Shephard & Co. paid him $1700, and credited it on the note. There is a little discrepancy between Hayes' statement, that $1700 was paid to him February 13, and only $1500 appearing indorsed of that date on the note, which is not explained by the evidence, but no point is made on that.

The evidence is clear, that Shephard & Co. collected the $1000 note by the receipt of $958.35 in full of it, February 14, 1872. It devolves upon them to account for the money. They do not do so by showing an indorsement the day before, February 13, of $1500 on the $4000 note. The dates and sums are different. Money paid on the 13th of February could not have been composed in part of money which was received the day afterward, February 14th, at least without some proof that the former was paid in anticipation of the receipt of the latter.

It does not appear, from the evidence, that Shephard & Co. had been fixed in their liability as assignors of the $4000 note, or that they were looked to, as assignors, for its payment; or that they apprehended, or had cause for apprehension, that they would be called upon, as assignors, to pay the note.

Where a general indorsement of a payment appears upon a promissory note, the payment may be presumed to have been made by the maker, the party primarily liable, and not by the assignor upon the note, especially where the indorsement of the payment is made by the assignor himself, who has the note in his hands for collection, against the maker.

Occupying the position they did, of bankers, Shephard & Co. may be supposed to have been men of correct habits of business, and had the $1500 which they indorsed as paid on this note against Calhoun been their own money, and not that of Calhoun, we must think that they would have taken some written evidence of that fact from Hayes, to whom they paid the money, or that they would have preserved evidence of it in the indorsement of the payment which they made upon the note in their own handwriting.

Had the $1500 paid to Hayes been the money of Shephard & Co., and not that of Calhoun, it would have been so much money paid for the use of the latter, and have been a proper subject of set-off. But defendant withdrew his plea of set-off, and, for the support of the verdict, it is not necessary to inquire as to whether this $1500 was the money of Shephard & Co., but only whether or not the evidence shows an application by them of the proceeds of the $1000 note collected, to the use of Calhoun. We think the jury were warranted in finding that there was a failure of the evidence to show any such application of the money, and that their verdict should not be disturbed.

Exception is taken to the giving of instructions for the plaintiff, and modifying others asked by the defendant.

There is an inaccuracy in plaintiff's second instruction, in the use, in one place, of the word "defendant," instead of "plaintiff," and, in the third instruction, in the omission, in one place, of the preposition "by," but we think the meaning of the instructions could not have been misunderstood, and that these inaccuracies, in the manner they occurred, could not have misled the jury, or have worked injury to the defendant. We perceive no substantial error in the instructions given or modified.

The judgment will be affirmed.

*Judgment affirmed.*