CREDIT FONCIER OF AMERICA, PLAINTIFF IN ERROR, V. SAMUEL E. ROGERS, DEFENDANT IN ERROR.

1. **Judgment:** PRESUMPTION IN FAVOR OF. It is a settled rule of law that every presumption is in favor of the correctness of a judgment of a court of general jurisdiction until the contrary is made affirmatively to appear.

2. ———: ———. Where nothing whatever is shown, if evidence were necessary to have authorized the particular decision complained of, it will be presumed that the evidence was before the court.

3. **Bill of Exceptions.** If a party rely upon the fact that there was no evidence in a case where evidence was necessary, he must establish it by a proper bill of exceptions.

MOTION for a re-hearing of the case reported 8 Neb., 34.

*Redick & Connell,* for the motion.

LAKE, J.

This motion for a re-hearing is based upon the fact that in our former decision we "did not pass upon the vital question as to whether error did not *appear of record,* which would require the reversal of the judgment of the court below." That judgment was given on a' motion of the defendant to dismiss the action in these words after the title of the cause, viz.:

"Now comes the defendant and moves the court for an order directing the entry of an order dismissing said cause, and wholly annulling and setting aside the verdict heretofore rendered, which motion is based on the stipulation herewith filed and the charter and by-laws of plaintiff, to which reference is had, and will be referred to on the hearing.

[Signed] "G. W. AMBROSE,

"*Attorney for Defendant.*"

Credit Foncier v. Rogers.

There is no bill of exceptions showing whether the "stipulation" and "charter and by-laws" referred to in this motion were produced and used upon the hearing or not. All we have of record showing the action of the court is the order itself, which is as follows: "Afterwards, at the February term of said court, and on the fourth day of February, 1878, this cause being heard on the motion of said defendant to set aside the verdict of the jury, and for the dismissal of this action, the court on consideration thereof grant the same; the said verdict is accordingly vacated, and this cause is hereby dismissed at the costs of the said plaintiff," and a formal judgment of dismissal and for costs against the plaintiff was accordingly entered.

It is a settled rule of law that every presumption is in favor of the correctness of the judgment of a court of general jurisdiction until the contrary is made affirmatively to appear; and this particular judgment of dismissal is no exception to this rule.

All that is urged by counsel in support of this application for a re-hearing is that: "It nowhere appears that the motion was sustained by affidavits or evidence of any kind," etc. This is all very true, as we have already shown, but under the rule just stated it is not essential to the support of the judgment that it do so appear. Where nothing whatever is shown, if evidence were necessary to have authorized the particular decision complained of, it will be presumed that the evidence was before the court, and that it fully justified the conclusion reached. If a party rely upon the fact that there was no evidence in a case where evidence was necessary, he must establish it by a proper bill of exceptions, or he will fail.

MOTION DENIED.