Hon. T. L. NORVAL, } Judges.
Hon. A. M. POST,

Hon. ROBERT RYAN,
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE,

---

IRA M. DAWSON ET AL. V. ANSON WILLIAMS ET AL.

FILED MAY 4, 1893. No. 4522.

1. **Review:** EXHIBITS: EVIDENCE. Exhibits, which the record shows were offered in evidence, will not be presumed to have been withheld from the consideration of the jury, in support of a contention that the verdict was unsupported by the evidence.

2. ———: BILL OF EXCEPTIONS: OMISSION OF TESTIMONY: MIS-RECITALS. If the bill of exceptions discloses that without doubt important evidence has been therefrom omitted, the settlement and authentication of the bill of exceptions will not control, though therein the recitations are to the contrary, and in such case the verdict will not be disturbed as contrary to the evidence.

3. ———: A PARTY ASKING THE COURT TO GIVE AN INSTRUCTION to the jury cannot complain because this request is complied with, even though such instruction incorrectly states an issue to be tried.

4 (1)

ERROR from the district court of Lancaster county. Tried below before CHAPMAN, J.

*Abbott, Selleck & Lane,* for plaintiffs in error.

*Billingsley & Woodward* and *J. E. Philpott, contra.*

RYAN, C.

On the 11th day of August, 1887, Anson Williams, the Valley National Bank of Red Oak, Iowa, and S. M. Melick, sheriff, filed their petition against Ira M. Dawson and William Roggenkamp in the district court of Lancaster county, for the recovery of $341.60, and interest from March 29, 1886. A verdict was returned December 6, 1889, in favor of the above named Anson Williams et al., against Ira M. Dawson et al., for $425.69, upon which judgment was duly rendered, from which the said Dawson and Roggenkamp prosecute error proceedings.

The petition above alluded to alleged that on December 16, 1884, Ira M. Dawson began, in said district court, a suit in replevin against Anson Williams et al., for the possession of certain personal property, giving therein a replevin undertaking in the penal sum of $6,000, conditioned as required by law, the subject-matter to be returned being 190 head of two and three year old cattle, fifty-seven head of hogs, three horses, and some hay. All necessary averments were made to entitle Williams et al. to a recovery, provided such averments were proved.

The answer to the petition was made by Roggenkamp alone, who alleged that when he was solicited to sign said replevin bond he said he was willing to sign the same so far as it concerned the cattle, but not in reference to anything else to be taken on the writ; that it was agreed by Williams et al. with said defendant Roggenkamp that the said bond should not render the said Roggenkamp liable for the value or return of the horses or other property

than the cattle in said bond described; that pursuant to said agreement said parties made a written stipulation that Roggenkamp's liability was to be limited to the cattle or their value; "that said stipulation was made and signed at the same time the said bond was signed, and was filed in and made part of the records in said case;" that said stipulation has been lost or mislaid. The answer then closed in this language: "Defendant further answering says that upon the trial of the right of property in the said cattle the jury found that the right of possession and property were in the said Dawson, plaintiff in said replevin action, and final judgment was rendered thereon in favor of said Dawson therefor, and against plaintiff herein, defendant in said replevin action. Defendant further says that he never signed any replevin bond for the return of the hogs, horses, or hay in said petition described, or for the value thereof, or for any portion thereof. Defendant further answering said petition says he denies each and every allegation in said petition contained not herein before expressly admitted, and demands judgment that he go hence without day, and recover his costs."

To this answer there was, in effect, a general denial by way of reply.

1. The first question discussed in the brief of the plaintiffs in error is in reference to the failure, as said plaintiffs in error claim, to introduce in evidence the original replevin bond upon which the action is brought, from which and the absence of the bond from the bill of exceptions they deduce the conclusion that there was not sufficient evidence to sustain the verdict; therefore that this cause should be reversed.

The bill of exceptions shows that plaintiff offered a bond of replevin in evidence, to which defendant objected on various grounds, which objections were overruled and an exception taken, and that the bond was marked Exhibit C. Plaintiff then moved to strike out the bond because not

accompanied by the stipulation contained in the answer, which motion was withdrawn. That the bond was sufficiently in evidence is apparent.

2. Again plaintiffs in error state the grounds of their next contention thus : " The evidence with reference to the judgment which is alleged in the petition was rendered in said replevin suit is all found on page 3 of the bill of exceptions. We quote it in full.

" Q. What book have you now in your hands?

" A. A district court journal M.

"Q. What page?

" A. The page this case is on is 131.

" Q. What case do you refer to?

" A. The case of Ira M. Dawson versus Anson Williams et al., No. 4010.

" Then follow the reporter's notes as follows : 'The plaintiff offers in evidence page 131, district court journal M, in the case of Ira M. Dawson versus Anson Williams et al., marked Exhibit B.' There is no further reference in the record to the contents of that page. Exhibit B is not in the bill of exceptions."

Explanatory of the above it is proper to remark that the identification of page 131 of court journal M was in the above trial by the clerk of the district court of Lancaster county. The contention of plaintiff in error is that by the above record, considered with the fact that no page 131 is found in the bill of exceptions, it is shown that it was not presented for the consideration of the jury. It is, we believe, of common practice to offer in evidence a document, or other written matter, and having identified it, defer the reading of it till some later stage in the proceedings—possibly the argument to the jury—is reached. There is nothing objectionable in such a practice, and the offer of the page was sufficient to its consideration as evidence. We cannot assume that this page 131 was never in fact read or made known to the jury, hence this argument of plaintiffs in error must fail.

Dawson v. Williams.

· 3. But there is another phase in which the contention of plaintiffs in error does become important, though not to their advantage. The bill of exceptions shows the absence of the replevin bond sued upon and of page 131 of district court journal M, notwithstanding these both were, as we have seen, introduced in evidence. Possibly it might be that as to the bond the parol evidence of its purport should be treated as a waiver of all objections as to the failure to incorporate said bond in the bill of exceptions, but there is no such consideration to be urged as to page 131 of the judgment docket. It is true that the bill of exceptions recites that all the evidence given is thereby preserved— there is indubitable evidence presented by the bill of exceptions, too, that these two necessary parts are missing therefrom. In such case it has been held that the certificate that the bill of exceptions contains all the evidence used on the trial will not be taken as conclusive on that point. (*Missouri P. R. Co. v. Hays*, 15 Neb., 224; *Oberfelder v. Kavanaugh*, 29 Id., 427.) Each of these missing exhibits was important, as plaintiffs in error most strenuously and justly insist. It therefore follows that the bill of exceptions cannot be further considered as showing whether or not the verdict was sustained by the evidence.

4. Instruction No. 6 is criticised by the plaintiffs in error as one given by the court upon its own motion. This instruction is open to serious criticism, for by it the jury were told in effect that the execution of the bond in suit was admitted, whereas it clearly appears from the above quoted averments of the defendant's answer that no such admission was in strictness made. It may be that the instruction complained of was given by the court upon its own motion, but we must be guided by the record alone. This instruction is there found under the designation of "Instructions asked for by defendant Roggenkamp," and having asked this instruction, the plaintiffs in error cannot properly complain of it, even if it misstates the issues.

No other error is pointed out or perceived in the instructions given, or in the refusal to give those asked, and the judgment of the district court is

AFFIRMED.

THE other commissioners concur.