OMAHA FIRE INSURANCE COMPANY V. ANNA BERG
ET AL.

FILED APRIL 4, 1895.   No. 5376.

1. **Instructions**: EXCEPTIONS: REVIEW. The refusal to give an instruction requested cannot be reviewed in the absence of an exception.

2. **Review**: EVIDENCE: OMISSIONS FROM BILL OF EXCEPTIONS. The assignment that the verdict is not sustained by the evidence cannot be considered, where from the bill of exceptions it appears, without question, that therefrom has been omitted evidence which may be important.

3. **Trial**: ADMISSION OF EVIDENCE: REVIEW. The ruling sustaining an objection to a question cannot be reviewed where there was made no tender of evidence which an answer, if permitted, would disclose.

4. **Pleading**: MOTION TO STRIKE: HARMLESS ERROR. It was not error to overrule a motion to strike out portions of a petition where, by reason of such ruling, it does not appear that the moving party was prejudiced.

5. ——.  Courts very properly refuse affirmatively to direct what language must be employed in drafting pleadings.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

*Hewett & Olmstead* and *A. J. & W. S. Poppleton*, for plaintiff in error.

*Capps & Stevens, contra.*

RYAN, C.

This action was begun in the county court of Adams county. Afterwards it was tried in the district court, to which it had been taken by appeal. There was a verdict against the insurance company for the sum of $200, on which judgment was duly rendered. The cause of action upon which plaintiff recovered, it was stated in the petition, had its existence by reason of the facts that the insurance company had insured Louis Carroll against loss or damage by fire happening to a stallion owned by Carroll; that during the time covered by the policy there was a loss of the horse insured, after which time Carroll assigned to the plaintiffs in the district court one-half of the amount due as aforesaid; that with notice of this assignment the insurance company settled with Carroll, intentionally ignoring said assignment, and that the insurance company has ever since refused to pay the sum of $200, being the one-half of the insurance money due, which one-half was assigned as aforesaid, or to pay any other sum.

In the motion for a new trial there was no assignment with reference to instructions except that "the court erred in refusing to give the instructions asked for by the defendant." In the record we find but one instruction of the class designated. In respect to it there was a minute made of the words " rejected to by the court," also of the word "refused," but there was no exception noted, consequently the alleged error is not now properly presented.

In the petition in error it is asserted that the verdict was not sustained by the evidence, but we cannot consider this assignment, for from the bill of exceptions itself it appears that there were introduced in evidence certain exhibits designated as "Exhibit E," "Exhibit F," and "Exhibit G." True, these were copies of the petition, answer, and reply filed in the county court, yet in the answer indicated there may have been admissions of very important facts alleged in the petition. Under these circumstances we cannot say that the verdict was without support of sufficient evidence.

It is insisted that there was error in excluding the evidence of Mr. Roundtree, an adjuster of the insurance company, as to his reason for making a settlement with Carroll who had not possession of the policy. We cannot conjecture how it was possible that an answer to this inquiry would be important, and, as there was no offer of proof proposed to be made by such answer, we cannot review the ruling of the court in sustaining an objection to the question propounded.

It is urged that there was error in refusing to strike out certain designated parts of plaintiff's petition for the reason that the parts objected to were redundant and immaterial. In general terms these criticised averments were as to the ownership of the horse when the policy was issued; the conditions of the policy; the description of the place where the horse was when the damage was sustained; the knowledge of the insurance company of the interest of the assignee in the loss when, nevertheless, payment was made to Carroll; the delivery of the policy to plaintiff; and the contemporaneous agreement between plaintiff and Carroll that a certain firm of attorneys at law should collect the loss and therefrom pay $200 to plaintiff; and the averments that, notwithstanding the full time for making settlement had long since expired, nevertheless that such settlement had not been made. It may be that it was not required that all the facts should have been alleged as fully

as was done, yet we cannot understand how the insurance company was prejudiced by this, perhaps unnecessary particularity. In the above generalization it was impossible to place the second paragraph of the motion to strike, for the reason that this paragraph was to strike from the second paragraph of the petition, immediately following the description of the business for which the insurance company had been organized, the words "as such company, in the legitimate course of its business, the defendant herein did, on the 12th day of June, 1891, insure the above described horse," for, connected with this language of the motion, there were in brackets the words "and insert in lieu thereof 'a certain horse belonging to Louis Carroll.'" No authority has been cited in support of this proposed substitution of other language for that chosen by the pleader who drew the petition. It is conceivable that such a right of substitution might possibly be abused, though in this particular case it would doubtless have occasioned no injury. It seem to us that if an attorney for a defendant discovers in the petition of his adversary language for which he wishes to substitute something better, the only course open is privately to suggest and urge the adoption of the proposed amendments. If, upon being so reasoned with, plaintiff's attorney should persist in holding his own the better chosen language, courts cannot interfere, however grave his mistake, for the duty of using the very best language is an obligation of so imperfect a nature that it cannot be judicially enforced.

Upon a careful review of the entire record we have been able to discover no error and the judgment of the district court is

AFFIRMED.