## CLEMMA CONGER V. B. F. DODD.

FILED MAY 1, 1895.    No. 4675.

1. **Bill of Exceptions:** DEFECTS: SUFFICIENCY OF EVIDENCE. If a bill of exceptions discloses that important evidence has been therefrom omitted authentication of the bill to the effect that it contains all the evidence will not control, and in such case the verdict will not be disturbed as contrary to the evidence.

2. **Review:** DEFECTIVE TRANSCRIPT: INSTRUCTIONS. Where error is assigned upon the giving of a certain instruction, on the ground that while abstractly correct, it is misleading for want of modifications, the court will not consider such assignment where it appears that the whole charge is not included in the transcript, because proper modifications may have been given in other instructions.

ERROR from the district court of Sherman county. Tried below before CHURCH, J.

*J. R. Scott*, for plaintiff in error.

*Nightingale Bros.* and *Wall & Bradley, contra.*

Conger v. Dodd.

Irvine, C.

Dodd began this suit against Conger in replevin to re-
cover certain chattels.    Dodd claimed the property as
owner.    Defendant below, Mrs. Conger, had taken the
property under a chattel mortgage purporting to be exe-
cuted by Dodd to secure a promissory note for $101.50
purporting to have been executed by Dodd July 11, 1887,
and due August 11, 1887.    Dodd had judgment in the
district court from which Mrs. Conger prosecutes error.

The first assignment of error is that the verdict is not
sustained by the evidence.    Dodd undoubtedly made out a
*prima facie* case of ownership.    Mrs. Conger then intro-
duced evidence tending to prove that her husband had pro-
cured her to loan Dodd $100; that after the negotiations
had been made, and the money advanced, Mr. and Mrs.
Dodd and Mr. Conger met at Mr. Conger's house; that a
note and mortgage were there produced by Conger, read
over to the Dodds, and Dodd's signature affixed to both by
Mrs. Dodd, Dodd expressly authorizing her and directing
her so to do.    Dodd, in rebuttal, offered evidence tending to
show that when this occurred he was so intoxicated as not
to understand what he was doing; that he had been nego-
tiating with Conger for the sale to Conger of his farm;
that Conger paid him $100 in cash, taking this note, and
agreeing on the maturity of the note to pay him $200
more.    Dodd claims that he did not know that he signed
or directed to be signed any mortgage, and Mrs. Dodd
claims that she was informed the instrument she signed was
an agreement for the sale of the farm.    It appears quite
clearly that Dodd knew of the mortgage not long after its
maturity, which was long before the bringing of this action.
The evidence is extremely vague and far from convincing.
We would have great doubt whether what appears in the
bill of exceptions would be sufficient in itself to sustain
the verdict; but the bill of exceptions discloses that three

documents were introduced in evidence: one was the mort-
gage, one was the note, the third was offered in this lan-
guage: "Counsel for defendant here offered in evidence an
instrument signed by B. F. •Dodd, and marked 'Exhibit
B'." A careful search of the record discloses no evidence
tending to show what this instrument was, and no copy of
the instrument appears in the bill. In the examination of
the witnesses, with reference to the alleged sale of the land,
and the transactions at the time the note and mortgage
were executed, much reference is made to this Exhibit B.
This document may have been of such a character as to
have supplemented the proof in regard to the alleged con-
tract of sale and the fraud alleged to have been practiced
upon Dodd and his wife. The certificate that the bill of
exceptions contained all the evidence does not prevail
against the intrinsic evidence afforded by the bill itself
that there was an important omission, and in such case
the verdict will not be disturbed as contrary to the evi-
dence. (*Missouri P. R. Co. v. Hays*, 15 Neb., 224; *Ober-
felder v. Kavanaugh*, 29 Neb., 427; *Dawson v. Williams*,
37 Neb., 1.)

Several assignments of error relate to the exclusion or
admission of evidence, but these assignments, with perhaps
one exception, are too indefinite to point out the ruling
complained of, and must, therefore, be disregarded. In
the one instance referred to the error assigned was in ex-
cluding testimony. No offer was made to show what it
was sought to prove, and the question itself does not show
the materiality of the inquiry.

It is assigned as error that the court erred in giving in-
struction No. 4. Counsel do not argue that this instruction
misstated the law, but they contend that it was misleading
when not accompanied by any modifying instructions. In-
struction No. 4 is, however, the only instruction included
in the transcript, and the certificate of the clerk is that the
transcript is a true and perfect one "of petition, answer,

State v. Baker.

and instruction No. 4, given by the court." The inference, both from this certificate and from the number of the instruction, is that other instructions were given. Error will not be presumed; and when objection to an instruction is made on the ground stated, we cannot determine that there was error without having the whole charge before us.

Finally, it is assigned that the court erred in overruling the motion for a new trial, but as the motion referred to states eight grounds for a new trial, this assignment is too indefinite to present a case for review.

JUDGMENT AFFIRMED.