WILLIAM R. ALLING, APPELLEE, V. FLORA R. FISHER ET
AL., APPELLANTS, ET AL.

FILED MAY 19, 1898.  No. 8100.

55  239
59   66

1. **Appeal**: TRANSCRIPT FOR REVIEW: PRESUMPTIONS.  In the review of cases by appellate proceedings in this court, the transcript being silent as to matters before the district court, it will be presumed that the facts there disclosed were of such character as to warrant the judgment rendered:

2. **Bill of Exceptions**: OMISSIONS: AUTHENTICATION.  If a bill of exceptions discloses that important evidence has been therefrom omitted, authentication of the bill that it contains all the evidence will not control, and in such case the finding will not be disturbed as unsupported by the evidence.

APPEAL from the district court of Dawes county. Heard below before BARTOW, J.  *Affirmed.*

*Allen G. Fisher*, for appellants.

*Albert W. Crites, contra.*

IRVINE, C.

Alling brought suit to foreclose a mortgage executed by Flora R. Fisher and Allen G. Fisher to Spargur & Fisher and by them assigned to plaintiff. Cannon, claiming a tax lien, was made a defendant. From a decree foreclosing both liens the Fishers appeal.

It is contended that the petition shows no ground for a foreclosure of the mortgage. The record does not disclose when the suit was begun. The petition shows that the debt was by its terms payable January 4, 1893, and alleges that it became due on that day. It will be presumed, in favor of the judgment of the district court, that the suit was not brought until after that date.

It is argued that there is a variance between the mortgage pleaded and that offered in evidence, the variance relating only to the date of the mortgage. As the answer expressly admits the execution of the mortgage pleaded,

the offer of the mortgage in evidence was unnecessary, and the variance is immaterial.

The remaining questions argued require for their decision an examination of the bill of exceptions to ascertain the sufficiency of the evidence on certain points, for the most part relating to the tax lien. The bill of exceptions is manifestly incomplete, showing on its face that important matter received in evidence is omitted therefrom. It is therefore unavailing for the purpose required. (*Missouri P. R. Co. v. Hays*, 15 Neb. 224; *Oberfelder v. Kavanaugh*, 29 Neb. 427; *Dawson v. Williams*, 37 Neb. 1; *Schneider v. Tombling*, 34 Neb. 661; *Omaha Fire Ins. Co. v. Berg*, 44 Neb. 522; *Conger v. Dodd*, 45 Neb. 36; *Nelson v. Jenkins*, 42 Neb. 133; *Storz v. Finklestein*, 48 Neb. 27; *Greene v. Greene*, 49 Neb. 546; *Van Etten v. Test*, 49 Neb. 725.)

AFFIRMED.