[No. 5090.    Decided December 12, 1904.]

F. J. GEHRES et al., Respondents, v. JULIAN ORLOWSKI, Appellant.[1]

ATTACHMENT—DISSOLUTION. The dissolution of an attachment is within the discretion of the court.

PLEADINGS—ACTION ON NOTE—TOLLING STATUTE OF LIMITATIONS—PAYMENTS—PRESUMED TO BE MADE BY OBLIGORS. A complaint in an action upon a promissory note is not demurrable because it does not affirmatively allege that the payments relied upon to toll the statute of limitations were made or authorized by the obligors on the note, since the spirit of the code requires that to be presumed from the allegation specifying payments, and the fact that the payments were made by a stranger can be raised by answer.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered December 4, 1903, in favor of the plaintiffs, upon overruling a demurrer to the complaint. Affirmed.

*Myers & Warren*, for appellant.

*George M. Ryker* and *Martin & Grant*, for respondents.

DUNBAR, J.—This is an action upon a promissory note, brought by the respondents against the appellant

[1] Reported in 78 Pac. 792.

and co-obligor.   Attachment was issued at the time of
the commencement thereof.   Appellant moved to dis-
charge the attachment, and also demurred to the com-
plaint.   The motion to discharge the attachment, as well
as the demurrer, was overruled and denied by the court.
Thereupon appellant duly excepted, announced in open
court that he would stand upon his demurrer and refused
to further plead.    Judgment was thereupon rendered
against appellant, and from the order overruling the dis-
charge of the attachment, and the judgment in this case,
this appeal is taken.

The assignments of error are, that the court erred in
refusing to discharge the attachment, in overruling the
demurrer to the complaint, and in rendering the final
judgment which it did render.   From an investigation of
the record we are not inclined to interfere with the dis-
cretion of the court in refusing to dissolve the attach-
ment.   The contention on the demurrer is that the stat-
ute of limitations had run against the note.   It is con-
ceded that, if the payments upon the note did not arrest
the statute of limitations, the action was not commenced
in time.   After setting forth the note, signed Julius
Orlowski and Marie H. Orlowski, the complaint pro-
ceeds:

"That said note is now in the possession and owned
by the said Gehres & Hertrich, as such copartners (Gehres
& Hertrich being the plaintiffs in the case).   3. That
there has been nothing paid on said note except as fol-
lows: (setting forth the payments in order of their
dates)."

It is contended by the appellant that, under the doctrine
announced by this court in *Stubblefield v. McAuliff*, 20
Wash. 442, 55 Pac. 637, and *Bassett v. Thrall*, 21 Wash.
231, 57 Pac. 806, the complaint not alleging that the

appellant ever made any payments, as to him the note is barred. It is true that *Stubblefield v. McAuliff, supra,* it was held that, where a note secured by a mortgage of community realty has been executed by a man and wife, payments of principal or interest thereon, made by the husband without the authority of the wife, after maturity, will not extend the time of the running of the statute of limitations as against her. But in that case there was no question of pleadings involved. The fact was admitted that the payments were made only by the husband, part of which were made after the wife's death. And that was the principle which was followed in the subsequent case of *Bassett v. Thrall, supra.*

But appellant seems to rest securely upon the announcement by this court in *Perkins v. Jennings,* 27 Wash. 145, 67 Pac. 590—in which case the note was signed by two parties, Jennings and Schnurr—that, "In the absence of an averment that Schnurr did authorize the payment, and that he participated therein as his own act, the complaint must be held insufficient as to him." This portion of the opinion, segregated from the general opinion, would undoubtedly bear out appellant's contention. But the language quoted in appellant's brief, which we have just reproduced, must be considered with reference to what is said before. In that case it was said:

"In behalf of respondent Schnurr it is urged that the action is barred because more than six years have elapsed since the maturity of the note, and that no allegation of the complaint shows that any payment was made by him after the note matured. As before stated, the original complaint made no allegation which showed by whom the payments were made; but the paper denominated a 'bill of particulars,' filed in response to the demand of respondents, does allege that the payment was made by

Jennings, and, further, that 'plaintiff believes and, therefore alleges, with the knowledge and acquiescence of said defendant Joe Schnurr.' The above quoted words are all the allegations that in any way tend to connect respondent Schnurr with the payment. We do not think the averment shows any act on the part of Schnurr by way of participation in the payment. It is alleged that plaintiff believes the payment was made with the knowledge and acquiescence of Schnurr. To say that it was with his knowledge and acquiescence is not to say that he participated therein. Schnurr might have known that Jennings made a payment on his own behalf, and he might have acquiesced in his so doing, to the extent of not remonstrating with Jennings for making a payment which he had a right to make as his own."

Then follows the language above quoted. So that it affirmatively appeared in that case, from the bill of particulars, that Schnurr did not join in the payment, thereby bringing the case within the rule announced in *Stubblefield v. McAuliff, supra.*

While we do not wish to recede from the principle announced in those cases, we do not wish to extend the doctrine to the extent of holding that a pleading must affirmatively allege a payment on notes by the makers of the notes. It seems to us that it is in harmony with the spirit of our code, and of all pleading, to presume that the alleged payment was made by the obligors on the note, and not by a stranger to the contract, and, if such is not the case, it can be properly raised by answer. In *Shephard v. Calhoun,* 72 Ill. 337, it was held that payment, when indorsed on a promissory note, was presumed to be made by the maker; and in *Bell v. Campbell,* 123 Mo. 1, 25, S. W. 359, 45 Am. St. 505, that, while an indorsement of the payment of interest on a note is *prima facie* evidence that such payment was made by the maker, such presumption is rebutted by the testimony

of the maker to the contrary. It seems to us that this is the doctrine of reason, as well as of authority, and disposes of the appellant's contention in this regard.

The question of the amount of the judgment was not raised in the lower court, and will not be reviewed here.

The judgment is affirmed.

FULLERTON, C. J., and ANDERS, HADLEY, and MOUNT, JJ., concur.