[No. 7118. Decided February 26, 1908.]

LOUIS HENDELMAN, *Appellant*, v. BERNHARD KAHAN *et al.,*
*Respondents.*[1]

APPEAL—REVIEW—ORDER DISSOLVING ATTACHMENT. An order dissolving an attachment issued on the ground of a conveyance of property with intent to defraud creditors, heard upon affidavits filed by each party, will not be disturbed on appeal unless clearly erroneous.

ATTACHMENT—DISSOLUTION—REASONABLE CAUSE. Upon dissolution of an attachment, the court need not enter a finding that there was reasonable ground for the attachment, the same being immaterial in such action.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered May 4, 1907, upon findings in favor of the defendants, dissolving a writ of attachment, after a trial on the merits before the court without a jury. Affirmed.

[1]Reported in 93 Pac. 1074.

*Robertson & Rosenhaupt*, for appellant.

*Belt & Powell*, for respondents.

Root, J.—This is an appeal from an order of the superior court dissolving an attachment. The writ issued upon an affidavit setting forth that defendants were about to convert their property, or a part thereof, into money for the purpose of defrauding their creditors. Upon the motion to dissolve the attachment, several affidavits were filed by each party. From these the trial court found the writ to have been improperly or irregularly issued, and made an order dissolving the same. Such an order will not be disturbed by an appellate court unless clearly erroneous. *Bingham v. Keylor*, 25 Wash. 156, 64 Pac. 942; *Gehres v. Orlowski*, 36 Wash. 156, 78 Pac. 792; *Bender v. Rinker*, 21 Wash. 633, 59 Pac. 504. We think the action of the trial court in dissolving the attachment was justified.

Appellant requested that court to incorporate in the order of dissolution a recital that there was reasonable ground for suing out the attachment. The court having refused to do so, its refusal is assigned as error. The question of reasonable cause might be material in a suit upon the attachment bond; but it is not so in this action.

No error appearing, the judgment of the trial court is affirmed.

Hadley, C. J., Fullerton, Crow, and Mount, JJ., concur.