GIRARD TRUST COMPANY, APPELLANT, V. IRA J. PADDOCK ET AL., APPELLEES.

FILED JANUARY 24, 1911.   No. 16,155.

1. **Appeal**: QUESTIONS OF FACT: REVIEW. A bill of exceptions which purports to exhibit all of the evidence adduced during the trial of an action should contain that evidence, and ordinarily, if it does not, the questions of fact will not be considered in this court. But if it clearly appears in an action in equity that evidence which was thus omitted is immaterial and irrelevant, this court will examine the bill of exceptions and retry the case.

2. **Trusts**: ACTION BY TRUSTEE OF EXPRESS TRUST: PARTIES. Under section 32 of the code, a corporation, the trustee of an express trust, may maintain an action in its own name, with respect to the subject matter of the trust, even though its name has been changed by an act of the legislature, and it need not join the *cestui que trust* as a plaintiff or implead it as a defendant in the action.

3. **Mortgages**: LAW GOVERNING. A promissory note which is secured by a mortgage upon real estate within this state, signed in Iowa, payable in Pennsylvania, and containing a clause that it shall be governed according to the laws of Nebraska, should not be construed according to the laws of Iowa.

4. **Limitation of Actions**: MORTGAGES: INTEREST PAYMENTS. Where, after the maturity of a note secured by a real estate mortgage, interest payments are made thereon, an action may be maintained on the mortgage at any time within ten years after the date of the last payment.

5. **Evidence**: MORTGAGES: INTEREST PAYMENTS: ADMISSIONS. And if the defendants in such an action admit that interest payments were made upon the mortgage debt while it was in force, and do not plead or prove that the payments were not made by the owner of the equity of redemption, and it appears that the person who owned the equity at that time had agreed to pay the mortgage debt, the admission will be construed to refer to him.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

A. W. Crites, for appellant.

A. M. Morrissey and A. G. Fisher, contra.

ROOT, J.

January 1, 1890, Ira J. Paddock, a resident of the state of Iowa, mortgaged the premises in dispute to secure the payment of his debt for $350 due January 1, 1895. March 24, 1890, the mortgage and the note secured thereby were assigned to the Girard Life Insurance Annuity & Trust Company, as trustee, to secure the mortgagee's debenture bonds and with authority to collect the debt. March 26, 1896, the mortgagor and the mortgagee agreed in writing to extend the maturity of the debt until January 1, 1899, but this agreement was not recorded. In 1895 Paddock sold the land by a verbal agreement to his brother, who subsequently sold the premises to one Baldwin, and in August, 1896, Baldwin sold the land to the defendant Mc-Gannon. Title was transferred directly from Ira J. Paddock to McGannon by a quitclaim deed dated February 24, 1898, and recorded January 21, 1899. This conveyance is made subject to a mortgage not definitely described. No deeds were recorded intermediate the execution of the mortgage and the deed to McGannon. Paddock testifies, in substance, that he signed a deed for the land, but no grantee was named therein. There is no proof that this blank was ever filled. The plaintiff alleges: "That the interest on said bond or note has not been paid since January 1, 1897, and that the principal indebtedness and the interest since January 1, 1897, have not been paid, nor any part thereof, and there is now due and owing to the plaintiff on account of said note and mortgage," etc. During the trial the parties stipulated with respect to the debt that "no amounts have ever been

collected and paid except as stated in the petition." The plaintiff's petition was dismissed and a decree entered quieting title in the defendant McGannon.

Considerable argument is presented with respect to the statute of limitations. In *Teegarden v. Burton,* 62 Neb. 639, we held that the statute did not bar an action to foreclose a mortgage until ten years after the last payment upon the debt. The stipulation is general, and in no manner intimates that the payments were not made by the owner of the equity of redemption. Ira J. Paddock testifies that, when the land was sold to his brother and subsequently when it was sold to Baldwin, the grantees agreed to pay the mortgage debt. Thereby the grantee became a principal debtor. *Stover v. Tompkins,* 34 Neb. 465. No one contends that Ira J. Paddock made these payments, and upon the entire record we think that a presumption arises that they were made by the primary debtor, who in the ordinary course of business would be expected to pay the interest upon the debt. *Shephard v. Calhoun,* 72 Ill. 337. This suit was commenced in October, 1906, less than ten years subsequent to January 1, 1897, and we are of opinion that the statute of limitations does not bar the action.

The defendants argue that, since the bill of exceptions does not contain copies of certain Iowa statutes received in evidence, it does not present all of the evidence considered by the trial court and we should not pass upon the issues of fact. This evidence was presented to sustain an argument that the note and mortgage should be construed according to the laws of Iowa, that we should hold the mortgage void, that the record thereof did not give McGannon constructive notice of the lien, and that the statute of limitations barred this action five years subsequent to the maturity of the note. The mortgage was executed in strict conformity with the law of Nebraska and encumbered Nebraska land. The note was payable in Pennsylvania, and the parties stipulated that it should be governed by the laws of this state. No part of the con-

tract was to be performed in Iowa, and, so far as we are advised, it was executed in that state for the sole reason that the mortgagor resided there. The evidence was clearly irrelevant and immaterial, and, while the plaintiff had been inexcusably careless in settling the bill, we should not refuse to examine its contents.

Counsel are in error in contending that the plaintiff did reply to the defendants' supplemental answer. We find nothing to sustain the argument that the plaintiff is not the real party in interest or that there is a defect of parties plaintiff. The Pennsylvania legislature changed the name of the Girard Life Insurance Annuity & Trust Company to the Girard Trust Company, and in the latter name the plaintiff prosecutes this action. Changing the plaintiff's name did not change its identity. It is the trustee of an express trust, and may maintain this action under section 32 of the code. Nor is it material that a receiver was appointed for the McKinley-Lanning Loan & Trust Company, the original mortgagee. It parted with its title to the note and mortgage in controversy 13 years before that receiver was appointed, and there is neither pleading nor proof to suggest that subsequently it became entitled to the possession of those instruments or to recover the debt evidenced thereby.

Some reference is made in the defendant McGannon's brief to alleged facts which we consider immaterial for a proper understanding of this case, and this opinion should not be extended by further reference thereto. Upon the entire record, we find no defense to the plaintiff's petition, but do find that its mortgage should be foreclosed. The decree ignores the defendant Coffee's alleged mortgage and he has not appealed, but that may be accounted for by the plaintiff's defeat.

The judgment of the district court, therefore, is reversed and the cause remanded, with instructions to render a decree foreclosing the plaintiff's mortgage with 10 per cent. annual interest from January 1, 1897, that it be decreed a first lien upon the mortgaged premises, and to

ascertain what, if anything, is due upon the defendant Coffee's mortgage and to give him such relief as he may be entitled to, subject, however, to the plaintiff's lien.

REVERSED. ·