Henry A. Dawson, appellee, v. Stockmen's National Bank of Rushville, appellant.

Filed November 8, 1929. No. 27108.

*Irving R. Butler* and *C. C. Flansburg,* for appellant.

*Allen G. Fisher* and *Charles A. Fisher,* contra.

Heard before Goss, C. J., Rose, Dean, Good, Thompson, Eberly and Day, JJ.

Rose, J.

This is a motion by appellee to quash the bill of exceptions on the ground that it does not contain all material evidence offered and admitted at the trial in the district court. In resisting the motion appellant contends that there is an authentic and conclusive certificate of the trial judge allowing the bill of exceptions and stating that it contains all the evidence.

The bill of exceptions shows on its face that it does not contain testimony admitted at a former trial and again offered in evidence and again admitted at the trial resulting in the judgment of which appellant now complains. In an early case the following rule was announced:

"Where from an inspection of a bill of exceptions it is apparent that material evidence has been omitted, the certificate that it contains all that was used on the trial will not be taken as conclusive on that point." *Missouri P. R. Co. v. Hays,* 15 Neb. 224.

In a later case the supreme court held:

"The certificate of the trial judge attached to a bill of

116

exceptions, reciting that 'the bill contains all the evidence offered or adduced by either party,' is unavailing, and will not control, where the bill on its face reveals the fact that important and material evidence has been omitted therefrom; and in such case the verdict will not be set aside as contrary to the evidence." *Nelson v. Jenkins*, 42 Neb. 133.

The rules stated have been consistently applied where the same questions were involved. *Oberfelder & Co. v. Kavanaugh*, 29 Neb. 427; *Schneider v. Tombling*, 34 Neb. 661; *Dawson v. Williams*, 37 Neb. 1; *Omaha Fire Ins. Co. v. Berg*, 44 Neb. 522; *Conger v. Dodd*, 45 Neb. 36; *Storz v. Finklestein*, 48 Neb. 27; *Greene v. Greene*, 49 Neb. 546; *Alling v. Fisher*, 55 Neb. 239; *Girard Trust Co. v. Paddock*, 88 Neb. 359; *Card v. Mix*, 88 Neb. 741.

It follows that in determining issues of fact or the sufficiency of the evidence to sustain a finding below the bill of exceptions cannot be considered on appeal. For those purposes, therefore, the motion to quash is sustained.

MOTION SUSTAINED.