Eckman v. Hammond.

---

J. M. ECKMAN v. M. HAMMOND.

[FILED OCTOBER 16, 1889.]

1. **Attachment:** UNDERTAKING: PARTIES. An undertaking in attachment signed by the sureties alone and not signed by the plaintiff in the action is not void. And where an attachment is wrongfully issued a suit can be maintained on such undertaking, without making the attachment plaintiff a party to the action.

2. ——: DISSOLUTION. Where service of summons is had upon an attachment defendant, and he appears to the action, he cannot maintain a suit upon the attachment undertaking upon the ground that the attachment was wrongfully issued, without having obtained a judgment of the court in which the attachment proceeding was pending discharging the attachment.

ERROR to the district court for Pawnee county.    Tried below before APPELGET, J.

*Story & Story,* for plaintiff in error:

The law requiring an undertaking forms a part of the contract. (*Cutler v. Roberts,* 7 Neb., 13.) The undertaking must be executed by one or more sureties. (Code, 926.) If plaintiff in attachment were not required to sign the undertaking but did so, his signature would be null; whereas when he does sign, he is held liable as principal. (*Raymond v. Green,* 12 Neb., 215 ; *Tessier v. Crowley,* 17 Neb., 207.) The undertaking must therefore be executed by attaching plaintiff as principal, unless the surety waive that requirement. (*Gregory v. Cameron,* 7 Neb., 419 ; *Bollman v. Pasewalk,* 22 Neb., 761.) Where attachment defendant appears, no action upon the undertaking lies unless attachment has been dissolved. (*McReady v. Rogers,* 1 Neb., 124; *Pixley v. Reed,* 26 Minn., 80 ; *Nolle v. Thompson,* 3 Metc. [Ky.], 121; *Sloan v. McCracken,* 7 Lea [Tenn.], 626 ; *State v. Beldsmeier,* 56 Mo., 226 ; *Bump v. Betts,* 19 Wend. [N. Y.], 421 ; *Alexander v. Jacoby,* 23 O. S., 358.)

*C. M. Corlett,* for defendant in error:

Suit must be brought on the *bond alone,* unless the attachment be malicious. (*Tallant v. Gas Light Co.,* 36 Ia., 262.) Right of action accrues on the bond, as attachment defendant is disturbed in the possession of his property. (*Campbell v. Chamberlain,* 10 Ia., 337.)

REESE, CH. J.

This is a proceeding in error to the district court of Pawnee county.

It appears from the record that an attachment was insti-

tuted against defendant in error by the Bank of Burchard and an undertaking in attachment was filed, signed by plaintiff in error alone.

A proceeding in garnishment was instituted and the garnishee was summoned to appear in court and answer as to property, moneys, or credits held by him belonging to the defendant in the action. He was the county clerk of Pawnee county, and in his answer disclosed that he held no property or money belonging to the defendant in the action, but as county clerk he had possession of a county warrant, which was issued to defendant and would be for delivery in a short time. A motion was filed to dissolve the attachment on the ground that the facts stated in the affidavit were untrue. This motion was filed prior to the answer of the garnishee, but the court declined to act upon it until after the answer of said garnishee had been taken. When the garnishee disclosed the fact that he was in possession of the county warrant as county clerk he was discharged and no order made against him. The cause then came on for trial, when judgment was rendered in favor of the bank but no order at any time was made with reference to the attachment proceeding. This action was brought upon the attachment undertaking.

A number of questions are presented by the briefs of plaintiff in error, but we will notice but two. The first of which is that the suit could not be maintained against him for the reason that the undertaking in attachment was not signed by the plaintiff in the action and was therefore void.

Sec. 926 of the Civil Code, under which the undertaking in attachment was filed, is as follows : " When the ground of attachment is that the defendant is a foreign corporation, or a non-resident of the state, the order of attachment may be issued without an undertaking, but in all other cases the order of attachment shall not be issued by the justice until there has been executed in his office, by

one or more sufficient sureties of the plaintiff, to be approved by the justice, an undertaking not exceeding double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay the defendant all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained."

It will be seen by reference to this section that there is no requirement that the undertaking should be signed by the plaintiff in the case, but that an undertaking not exceeding double the amount of the plaintiff's claim, executed by one or more sufficient sureties of the plaintiff, must be filed in the office of the justice. The undertaking, therefore, was not void.

The next contention of plaintiff in error which it is deemed necessary to notice is, that the suit could not be maintained upon the undertaking in attachment without the attachment having been discharged as wrongfully issued, by the court in which the attachment proceedings were pending.

This question was presented to the district court by instructions to the trial jury asked by plaintiff in error and which were refused. We think the law is pretty well settled, that where an attachment proceeding is instituted against a party upon whom service of summons is made and who appears or might have appeared in the action in order to maintain an action upon an attachment bond, it is necessary that he allege in his petition and prove upon the trial that the attachment has been discharged. (See Maxwell's Practice in Justices' Courts, 334; also Maxwell on Pleading and Practice, 497; Drake on Attachment, sec. 162a.) The decision of a court in an attachment proceeding upon a motion to discharge the attachment being a final order, which either party might have reviewed by proper proceeding in error, it was necessary that a judgment be had upon the motion. This was not done and the action cannot, therefore, be maintained.

Seward v. Klenk.

The judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other Judges concur.