CHARLES CORBETT v. NATIONAL BANK OF COMMERCE.

FILED MARCH 5, 1895. No. 6163.

1. **Continuance: GROUNDS: TRIAL.** Where a cause was regularly reached for trial on a call of the trial docket and one of the attorneys for the defendant orally announced that the attorney for the defendant was unavoidably absent from the state, but would soon return and attend to the trial of the case called, if it should be postponed for a short time, *held*, no abuse of discretion for the presiding judge to insist that the case must be dismissed, tried, or continued generally.

2. ———: ———: ———. An attorney whose case is called for trial, if unprepared, should at once make such showing to entitle him to a postponement as lies within his power, and if he fails so to do, he will not be permitted in support of a motion for a new trial to urge such matters within his knowledge as, properly presented, should have operated to excuse his entering upon a trial in the first instance.

ERROR from the district court of Douglas county.   Tried below before DOANE, J.

*B. G. Burbank,* for plaintiff in error, cited, contending that the judgment should have been set aside: Sec. 602 of the Code; *McCann v. McLennan,* 3 Neb., 25; *Town of Storm Lake v. Iowa Falls & S. C. R. Co.,* 62 Ia., 218; *Callanan v. Ætna Nat. Bank,* 50 N. W. Rep. [Ia.], 69; *Ellis v. Butler,* 78 Ia., 632, and citations; *Frazier v. Williams,* 18 Ind., 417; *Elston v. Schilling,* 7 Rob. [N. Y.], 74; *Buell v. Emerich,* 85 Cal., 116; Code, sec. 99.

*E. J. Cornish, contra.*

RYAN, C.

The defendant in error sued the plaintiff in error on two promissory notes made by the latter to the former for the aggregate sum of over twenty thousand dollars.   The defense was that these notes had been given to close up a series of loans in which the usurious interest exacted and paid more than equaled the amount of the aforesaid notes. On the 15th day of March, 1892, in the absence of the plaintiff in error, a judgment was rendered against him for the full amount claimed in the petition.   This proceeding in error presents for review the refusal of the district court to set aside the above judgment and grant a new trial on a motion for such relief filed April 8, 1892.   On the trial bulletin board in February, 1892, of the district court of Douglas county the entries as to this case show: "21–26, Nat. Bk. Commerce v. Chas. Corbett, P. for Cornish; Feby. 19, case marked P.; 23, foot of call; 24, foot of call; 29, P. for Cornish; Mar. 1, P. for Cornish; Mar. 7, foot of call; Mar. 14, foot of call; Mar. 15, the case was tried and marked from call."   It is not clear what is meant by the expression, "21–26, Nat. Bk. of Commerce v. Chas. Corbett, P. for Cornish."   It was shown by the proofs that

the letter "P." was used to indicate that the case was passed
on a call of the case for trial. If the expression above
specially referred to indicated that on the 21st and 26th of
February this case was passed at request of Mr. Cornish,
there would be five entries of that kind; at any rate the
case was in February passed three times at his instance.
    There was filed in support of the above described motion
an affidavit of Mr. Breen, an attorney for the defendant,
by which it was made to appear that the several postpone-
ments at the instance of Mr. Cornish were, by affiant, con-
sented to as courtesies extended Mr. Cornish on his request,
and, inferentially at least, it was intimated that the defend-
ant should not therefore by Mr. Cornish have been com-
pelled to go to trial when the affiant was necessarily absent
from this state. In justification of Mr. Cornish it is but
fair to state that the uncontradicted evidence disclosed that
when this case was called for trial on February 15, Mr.
Cornish stated that he was willing that a trial should be
postponed, and a temporary adjournment had to enable
Mr. Breen to be present. The district judge refused to
permit this course to be taken and informed counsel that
the case must be disposed of, either by a trial, dismissal, or
continuance, whereupon Mr. Cornish elected to have a trial,
which thereupon took place with the result above described.
Mr. Cornish made affidavit, without contradiction, that on
the day following the trial, as he remembered it, he saw
Mr. Breen and stated to him that he would make no objec-
tion to the granting of a new trial in said case provided it
could be set down for immediate hearing; that Mr. Breen
did not until April 8, being twenty-four days after the
rendition of judgment, make said motion, and that this was
too late to admit of another trial of said cause at the said
term of court. The answer was signed "Chas. Corbett, by
John P. Breen, Byron G. Burbank, his att'ys." Mr.
Burbank above named was present at the final call of this
case for trial on February 15. There was attempted no

explanation of the fact that his name was affixed to the answer as counsel for the defendant. In his own affidavit is found the nearest approach to a denial of his being one of the defendant's attorneys which anywhere appears in the record or bill of exceptions. His language was that upon Judge Doane inquiring whether or not this cause was ready for trial affiant "informed his honor, Judge Doane, that affiant was not the attorney in the case and that the case was not ready for trial at that time, for the reason that John P. Breen, attorney of record for defendant, was then absent at Little Rock or Hot Springs, Arkansas." This affiant further stated that he said to Judge Doane that immediately upon the hearing in which Mr. Breen was engaged being closed, Mr. Breen would stand ready for the trial of this action. It is noticeable that by this affidavit it was not attempted to be asserted that the affiant was not an attorney in the case. Very guardedly, possibly from innate modesty, the affiant only disclaimed being the attorney for defendant. He did not show that the defendant was unrepresented, indeed quite of a contrary tendency was this affiant's failure to account for the appearance of his name upon the answer. Under these circumstances it was no abuse of discretion for the district court to insist that upon the case being reached on the regular call of the trial docket it must be disposed of for the current term. If there existed any sufficient reason why the course indicated should not have been pursued it should have been made to appear by the affidavit of Mr. Burbank, or of defendant, or it might have been shown by any other proper method, if such reason existed. After a trial had, it was too late to urge these matters as grounds for granting a new trial. (*City of Lincoln v. Staley*, 32 Neb., 63.) Aside from these circumstances it is worthy of remark that the district court had opportunities of determining whether due diligence had been employed, which are, of necessity, denied this court. The proper dispatch of business requires, too, that the pre-

siding judge should exercise a certain discretion in the disposition to be made of cases when regularly reached for trial.   It does not appear from the proofs submitted that the district court improperly exercised this discretion, its judgment is therefore

AFFIRMED.