GOTTLIEB STORZ ET AL. V. LENA FINKLESTEIN, ADMINIS-
TRATRIX, ET AL.

FILED APRIL 10, 1896.   No. 6308.

1. Reply: PERMISSION TO FILE. The granting of permission to file a reply out of time, or during the trial, rests largely in the legal discretion of the trial court.

2. Continuance: REVIEW OF ORDER. An order denying a continuance of a cause will not be reversed except for an abuse of discretion.

3. Intoxicating Liquors: SALES: CONTRACT FOR UNLAWFUL RESALE. Where intoxicating liquors are sold in this state for the purpose of enabling the purchaser to resell them contrary to, or in viola-

tion of, the laws of this state, and the vendor has the knowledge of the illegal purpose of the buyer and participates with him in the illegal traffic, the sale is void, and no recovery can be had for the purchase price of the liquors thus sold.

4. **Wrongful Attachment:** Damages: Action on Bond: Malice. In the absence of malice, an action for the wrongful suing out of an attachment can be maintained alone on the attachment bond. To maintain an action independently of the statute, and not on the bond, malice in suing out the writ and want of probable cause must be averred and shown. (*Jones v. Fruin*, 26 Neb., 76.)

5. ———: ———: ———: Burden of Proof. In an action on an attachment bond, where the answer denies each allegation in the petition, the burden is upon the plaintiff to establish the execution of the bond, and to show that the attachment was wrongfully issued,—that is, that the ground stated in the attachment affidavit did not exist.

6. ———: ———: ———: ———. It is not enough that it be shown that the attachment was merely dissolved. *Eaton v. Bartscherer*, 5 Neb., 469, followed.

7. **Bill of Exceptions:** Omission of Depositions: Review. This court will not weigh the evidence to see if it sustains the verdict, when the bill of exceptions, on its face, reveals that a deposition introduced and read upon the trial has been omitted therefrom, even though the trial judge has certified that the bill contains all the evidence offered or given upon the trial.

Error from the district court of Douglas county. Tried below before Keysor, J.

The facts are stated in the opinion.

*Lake, Hamilton & Maxwell*, for plaintiffs in error:

Permitting a reply to be filed during a trial is a ground for continuance where new issues are raised. (*Taylor v. Heffner*, 4 Blackf. [Ind.], 387*.)

Mere knowledge of the seller that the buyer intends to put the goods to an unlawful use, where they may be lawfully used, will not make the sale illegal or prevent the recovery of the purchase price. (Tiedeman, Sales, sec. 294; *Thimes v. Stumpff*, 33 Kan., 62; *Bowman Distilling Co. v. Nutt*, 34 Kan., 724; Benjamin, Sales [4th Am. ed.], sec. 791; Newmark, Sales, sec. 364; *Webber v. Donnelly*, 33 Mich., 469; *Gambs v. Sutherland*, 59 N. W. Rep.

[Mich.], 652; *Tegler v. Shipman*, 33 Ia., 195; *McKinney v. Andrews*, 41 Tex., 363; *Dater v. Earl*, 3 Gray [Mass.], 482; *Curtis v. Leavitt*, 15 N. Y., 15, 235; *Tracy v. Talmage*, 14 N. Y., 162; *Kreiss v. Seligman*, 8 Barb. [N. Y.], 441.)

By wrongfully suing out attachment is meant, not the omissions, irregularities, or informalities in issuing the same, but that the party resorted to it without sufficient grounds. (*Eaton v. Bartscherer*, 5 Neb., 471; *Sharpe v. Hunter*, 16 Ala., 765; *Raver v. Webster*, 3 Ia., 502; *Pettit v. Mercer*, 8 B. Mon. [Ky.], 51.)

An action for wrongful attachment, in the absence of a statute, can be maintained only on the attachment bond. (*Tallant v. Burlington Gas-Light Co.*, 36 Ia., 262; *Palmer v. Foley*, 71 N. Y., 108; Drake, Attachments [7th ed.], sec. 726.)

References to question relating to measure of damage: *Goebel v. Hough*, 26 Minn., 257; *Clark v. Marsiglia*, 1 Den. [N. Y], 317; *Lord v. Thomas*, 64 N. Y., 109; *Nebraska City v. Nebraska City Hydraulic Gas-Light & Coke Co.*, 9 Neb., 343; Bishop, Contracts, sec. 842.

*Estabrook & Davis, contra,* cited: *Struthers v. McDowell*, 5 Neb., 493; *Rudolf v. McDonald*, 6 Neb., 165; *Shepherd v. Hills*, 11 Exch. [Eng.], 55; *Tilson v. Warwick*, 4 B. & C. [Eng.], 962; *Hart v. Barnes*, 24 Neb., 782; *Haverly v. Elliot*, 39 Neb., 201; *Storz v. Finklestein*, 46 Neb., 577.

*Chas. E. Clapp,* also for defendants in error.

NORVAL, J.

This action was brought upon an attachment bond by Louis M. Finklestein against Gottlieb Storz and Joseph D. Iler, as principals, and Theodore Olsen, as surety upon said bond, to recover damages for the alleged wrongful suing out of a writ of attachment and levying it upon certain personal property of the plaintiff. The petition contains the usual averments. Storz & Iler, in their answer, admit the bringing of the attachment suit,

the filing of an affidavit for attachment, the issuing of
the writ of attachment, the levying thereof on plaintiff's
property, and that the court discharged the attachment.
All other allegations in the petition they deny. They
also aver that the affidavit for attachment was made in
good faith, and that they had probable cause to believe
the allegations therein contained were true. The answer
further pleads as a set-off that plaintiff is indebted to
Storz & Iler in the sum of $388.43, with interest thereon,
on an account for beer sold and delivered to plaintiff at
his request, for which amount, with interest, they pray
judgment. The defendant Olsen answered by a general
denial of each allegation contained in the petition. After
the jury had been impaneled a reply was filed by the
plaintiff. The first and third paragraphs thereof were
stricken out by the court, and the defendants filed a gen-
eral demurrer to the second paragraph, which was over-
ruled. There was a verdict in favor of the plaintiff for
the sum of $999.92, and the defendants' separate motions
for a new trial were overruled and judgment rendered
upon the verdict. Afterwards, on the death of the plaint-
iff, the judgment was revived in the name of Lena Finkle-
stein, his administratrix, and John O. Malcom, his
administrator. The defendants jointly and severally
prosecute error.

The first error assigned is based upon the ruling of the
trial court permitting the plaintiff to file a reply to the
answer of Storz & Iler after the jury had been sworn.
The matter of granting or refusing permission to answer
pleadings, or to file pleadings out of time, or during the
trial, rests largely in the legal discretion of the trial
court, and this court will not interfere with a ruling in
that regard, unless there has been an abuse of discretion.
This is the settled law of this state. (*Hale v. Wigton*, 20
Neb., 83; *Brown v. Rogers*, 20 Neb., 547; *Ward v. Parlin*,
30 Neb., 376; *Blair v. West Point Mfg. Co.*, 7 Neb., 147.)
The discretion of the court below was not improperly ex-
ercised in allowing the reply to be filed. Immediately

upon the filing of the reply, the defendants asked the
court to continue the cause, for the reason that they were
unable to proceed to trial on account of the reply putting
in issue the averments in their answer, which request
was denied by the court.   In this, it is claimed, there was
error, and section 147 of the Code of Civil Procedure is
cited to sustain the contention.   This section provides:
"When either party shall amend any pleading or pro-
ceeding, and the court shall be satisfied, by affidavit or
otherwise, that the adverse party could not be ready for
trial in consequence thereof, a continuance may be
granted to some day in term, or to another term of court."
This section contemplates that a cause may be continued
where a party, in consequence of the amending of the
pleading of his adversary, is unable to go to trial; but
the party seeking the postponement must satisfy the
court of the existence of grounds therefor by affidavit or
other testimony.   An application for continuance is ad-
dressed to the discretion of the trial court, and it must
appear that there has been a clear abuse thereof in deny-
ing it, else the ruling will not be disturbed in the appel-
late court.  (*Nebraska Loan & Trust Co. v. Hamer*, 40 Neb.,
281; *Kansas City, W. & N. R. Co. v. Conlee*, 43 Neb., 121;
*Stratton v. Dole*, 45 Neb., 472.)  The reply pleaded affirma-
tive defenses to the set-off set forth in the answer, it is
true; but the record fails to disclose that any showing
was made in the support of the motion for a continuance.
The court below could not know without such showing
that the defendants were unprepared to meet the issues
tendered by the reply.   If a postponement of the trial
was desired to meet the evidence which it was expected
the plaintiff would adduce in support of the averments
in his reply, the defendants should have made that fact
to appear by proper testimony, giving the names of their
witnesses who were absent, the nature of their testi-
mony, and that defendants expected to be able to procure
the attendance of such witnesses or their testimony.   In
the absence of such showing there was no error in refus-

ing the continuance. (*Clark v. Carey*, 41 Neb., 780; *Home Fire Ins. Co. v. Johnson*, 43 Neb., 71; *Corbett v. National Bank of Commerce*, 44 Neb., 230; *Dixon v. State*, 46 Neb., 298.)

The next contention is that error was committed in overruling the demurrer to the second paragraph of the reply, which is as follows: "But said plaintiff avers that upon the dates from July 1 to July 9, inclusive; and in the meantime said plaintiff had no license for the sale of malt or spirituous liquors; that such fact was well and fully known to said defendants, and that it was further known and understood between said parties, plaintiff and defendants, that such beer was purchased from said defendants by said plaintiff for the purpose of being bottled and resold by plaintiff; and plaintiff avers by reason of such knowledge and such understanding and such fact such sale was illegal and void, and no recovery thereon may be had by said defendants against said plaintiff. And plaintiff further says defendants entered into a written agreement, a copy of which is hereto attached and made a part hereof, whereby said defendants were to participate and profit in said illegal traffic, and did so participate and profit therein." The answer discloses that the account therein pleaded as a set-off, except as to three items, is for beer sold and delivered to the plaintiff between June 30, 1889, and July 10 of the same year. The defendants insist that the facts set up in the reply are insufficient to defeat a recovery for the purchase price of the beer sold between said dates, and numerous authorities are cited in the brief to the effect that the mere knowledge of the vendor that the vendee intended to put the liquors to an unlawful use, or to resell them in violation of the law, is not sufficient to render the sale void or defeat an action brought by such vendor against the vendee to recover the purchase price of such liquors. We do not question the soundness of the adjudications to which the defendants have called our attention. Clearly they are not applicable to the facts before us.

The plaintiff does not rely upon the mere knowledge of the defendants that the beer was purchased for resale in violation of the laws of this state. Knowledge of the intended unlawful use is not only set up in the reply, but it is further averred that the beer was sold by Storz & Iler for the purpose that the law should be violated, and that they were to, and did, participate and profit in the unlawful traffic. The averments contained in the reply, if true, were sufficient to defeat a recovery of the purchase price of the beer sold between the dates above specified; hence the demurrer was properly overruled. (*Storz v. Finklestein*, 46 Neb., 577.)

It is contended that this action cannot be maintained against Storz & Iler, for the reason they did not sign or execute the attachment undertaking. It is a fact that their names are not attached to said instrument, nor did they in any manner execute the same. Storz & Iler having procured the undertaking to be given, they thereby became liable to their surety for any and all damages he might be compelled to pay by reason of the wrongful suing out of the attachment; but it does not follow that they are parties to the instrument in such a sense that they are directly liable to the attaching defendant in a suit upon the undertaking. The statute does not require the attaching creditor to sign the attachment bond. It is sufficient if it be signed by the surety alone. (Code, sec. 200; *Eckman v. Hammond*, 27 Neb., 611; *Howard v. Manderfield*, 31 Minn., 337; *Black Hills Mining Co. v. Gardiner*, 58 N. W. Rep. [S. Dak.], 557; *Pierce v. Miles*, 5 Mont., 549.) Should judgment be recovered on this bond against Olsen, the surety, and he should pay it, doubtless he could sue Storz & Iler and recover from them the amount thus paid; but that is no reason why the latter are directly liable to the plaintiff on the bond. They may be, and doubtless are, liable for any damages that the plaintiff may have sustained if they caused his property to be attached maliciously and without probable cause. But such remedy of the plaintiff is not upon the bond,

7

but independent of it, in the way of an action for a malicious attachment, in which case he would be compelled to allege and prove want of probable cause and malice. (*Jones v. Fruin*, 26 Neb., 76.) In an action upon the attachment undertaking, malice need not be either alleged or proven. We have no statute in this state which permits an attaching debtor to recover damages for the mere wrongful suing out of a writ of attachment, except upon the bond; and, in the absence of such a statutory provision, such an action cannot be maintained. (*Jones v. Fruin, supra;* Drake, Attachment [7th ed.], sec. 726; *Tallant v. Burlington Gas-Light Co.*, 36 Ia., 262; *Frantz v. Hanford*, 87 Ia., 469.) This suit is upon the bond or undertaking given by the surety, which Storz & Iler have not executed. There is no averment in the petition that they maliciously and without want of probable cause procured the attachment to be issued and levied. Therefore, a cause of action is not made on paper as to Storz & Iler, and the judgment as to them must be reversed. The authorities are conflicting upon the question just discussed, but this court is committed to the rule stated and it will be adhered to.

Error is assigned for the giving of the following instruction:

"1. In order that the plaintiff may recover in this action, he must satisfy you by a preponderance of all the evidence (1) that defendants Storz & Iler in a suit brought by them against him caused an attachment to be issued and levied on his bottling works; (2) that said attachment was dissolved in due course of law; (3) as to the amount of damages, if any, suffered by him as a direct result of the issuance and levy of said attachment; (4) that the attachment bond was duly executed by defendant Olsen."

Section 200 of the Code of Civil Procedure provides: "When the ground of attachment is, that the defendant is a foreign corporation, or a non-resident of the state, the order of attachment may be issued without an under-

taking. In all other cases the order of attachment shall not be issued by the clerk until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking not exceeding double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay the defendant all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained." The bond in this case is conditioned in accordance with the terms of the above section. Therefore, both under the bond and the statute, the surety is liable only for the damages resulting from the wrongful issuance of the attachment writ. In an action on an attachment bond, where the averments of the petition are put in issue by the answer, the burden is upon the plaintiff to establish that the writ was wrongfully obtained; in other words, that the ground stated in the affidavit for attachment did not exist, or was untrue. In case there is a failure to prove such fact, the suit must fail. It is not enough that it be shown that the attachment was dissolved, since the writ may have been discharged for omission or irregularities merely. It must further appear that the attachment was wrongfully issued; that is, no valid grounds existed for granting the writ. This is the rule stated by LAKE, C. J., in *Eaton v. Bartscherer*, 5 Neb., 469. It follows that the instruction quoted was erroneous.

It is argued that the evidence is insufficient to sustain the verdict, in two particulars: First, it was not established that the defendant Olsen executed the bond, and second, the record fails to disclose that the attachment was wrongfully issued. The answer of Olsen having put in issue the execution of the bond, it devolved upon the plaintiff to establish such fact. (*Donovan v. Fowler*, 17 Neb., 247; *Hassett v. Curtis*, 20 Neb., 162.) The evidence incorporated in the bill of exceptions fails to show that Olsen signed the instrument. While it is true there is attached to the bond a certificate of approval of the county judge who issued the attachment, any presump-

tion that might rise therefrom is overthrown by the testimony of the witness Haubens, to the effect that but three persons were present when the bond was presented and approved, and that Olsen was not one of them. If there was no other evidence given on the trial on the matter of the execution of the bond, it would seem very evident that it would be insufficient to establish that the surety signed the bond in suit. An inspection of the bill of exceptions discloses that on page 146 thereof the deposition of one W. S. Crabb was introduced in evidence by the plaintiff and read to the jury, which deposition does not appear in, nor is it attached to, the bill of exceptions in the case. Notwithstanding the trial judge certified that the bill of exceptions allowed by him and ordered to be made part of the record of the case contains "all the evidence offered or given upon the trial of this case by either party," it is obvious that the deposition alluded to has been omitted from the bill; therefore, the certificate of the judge will not control. (*Missouri P. R. Co. v. Hays*, 15 Neb., 224; *Oberfelder v. Kavanaugh*, 29 Neb., 427; *Schneider v. Tomblin*, 34 Neb., 661; *Dawson v. Williams*, 37 Neb., 1; *Nelson v. Jenkins*, 42 Neb., 133.) Since the whole of the evidence is not before us, we must indulge the presumption that the execution of the bond was established on the trial by ample testimony.

Was the attachment resorted to without sufficient grounds? While the petition alleges that the attachment was wrongfully obtained, yet this averment was put in issue by the answer. The burden was therefore upon the plaintiff to establish that the writ was wrongfully issued. The transcript of the county judge's docket shows that the attachment was dissolved, but upon what ground or grounds is not disclosed. The motion to discharge was not introduced in evidence, hence we do not know the grounds upon which the dissolution of the attachment was asked. If the decision was predicated upon omissions or irregularities merely, in the granting of the writ, that would not justify an action on the bond. On the

other hand, had the attachment been dissolved upon the ground that the affidavit on which the writ was procured was false or untrue, and the record had so shown, the decision would have been conclusive in the action upon the bond that the attachment was sued out wrongfully. We know that affidavits were filed in support of the motion to dissolve, and counter-affidavits in resistance thereof; but the record is silent as to the scope of those affidavits, or whether they were read or not. Inasmuch as the bill of exceptions discloses on its face that it does not contain all the evidence adduced on the trial, we are unable to determine whether or not it was sufficient to show that the attachment was wrongfully issued.

For the errors indicated the judgment must be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

IRVINE, C., not sitting.