LORENCE BAUER ET AL., APPELLEES, v. H. W. MITCHELL ET AL., APPELLANTS.

FILED NOVEMBER 21, 1907. No. 14,981.

Attachment: BOND: LIABILITY. Where an action is brought without the authority or sanction of the party in whose name it is prosecuted, and an attachment is procured to be issued thereon, such attachment is wrongfully obtained within the meaning of section 200 of the code.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE. Affirmed.

E. D. Kilbourn, for appellants.

O. A. Williams, contra.

CALKINS, C.

On the fifth day of October, 1903, an action was begun in the district court for Antelope county in the name of the J. I. Case Threshing Machine Company against the plaintiffs herein upon certain notes not then due. An affidavit for an attachment, alleging that these plaintiffs were about to remove and sell their property with intent to defraud their creditors, was filed, and, after the execution and approval of a bond in the usual form, signed by the defendants herein as sureties, an order of attachment was issued under section 237 of the code. This order was

executed by a seizure of the plaintiffs' property. They afterwards moved to discharge the attachment upon the ground that the facts stated in the affidavit were insufficient and untrue, and that an excessive levy had been made. While this motion was pending, the J. I. Case Threshing Machine Company filed a motion to dismiss the action, on the ground that they never authorized the bringing of the suit. On the 15th day of January, 1904, the district court made an order that the attachment be vacated and discharged, and the property returned to the plaintiffs. On the same date the court granted the motion of the J. I. Case Threshing Machine Company to dismiss the action. Thereupon the plaintiffs brought this action upon the bond for attachment. A trial to a jury was had, resulting in a verdict for the plaintiffs, and, from a judgment rendered upon such verdict, the defendants appeal.

There was no evidence as to whether the charge in the affidavit for attachment that the plaintiffs were about to remove and sell their property with intent to defraud their creditors was true or untrue, and the defendants contend that, as under the rule adopted in *Storz v. Finklestein*, 48 Neb. 27, 50 Neb. 177, the mere dissolution of an attachment does not establish its wrongful issue, the plaintiffs were bound to disprove the fraudulent intent charged against them in the affidavit for attachment by other evidence than the order of dissolution, and that, having failed to do so, the evidence does not sustain the verdict. The fact that an attachment was wrongfully obtained may be established in other ways than by showing that the allegations of fraudulent intent were untrue. In this case the defendants in their answer allege that the action begun in the name of the J. I. Case Threshing Machine Company was brought without the authority or sanction of said company, and set forth the proceedings in which the said company appeared in court and procured a dismissal of said action upon the ground that it was brought without their authority. Where an action is brought without the authority or sanction of the party in whose name it is

prosecuted, and an attachment is procured to be issued therein, such attachment is wrongfully obtained. The rule in *Storz v. Finklestein, supra,* goes no further than to hold that, where an attachment is dissolved on account of defects in the form of the proceedings, or for omissions, irregularities or informalities which the officer may commit in the issuance of the process, such dissolution does not show that the same was wrongfully obtained; but the seizure of a person's property by means of an attachment issued in a suit brought without the knowledge, consent or sanction of. the party in whose name it is prosecuted is not an irregularity or defect in the form of the proceeding. It is a substantive wrong of a flagrant character, and we think it within the condition of the bond. The defendants undertook to pay these plaintiffs all damages which they might sustain by reason of the attachment in question if the order was wrongfully obtained; and they themselves allege facts showing that it was wrongfully obtained.

The judgment of the district court was right, and we recommend that it be affirmed.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.