CATHERINE KRAMER, APPELLEE, V. JOHN A. WEIGAND, APPELLANT.

FILED JANUARY 24, 1911. No. 16,273.

1. **Continuance:** DISCRETION OF COURT. The rule is well settled in this state that an order denying a continuance of a cause will not be reversed except for an abuse of discretion.

2. ———: TIME OF APPLICATION. It is the duty of a party when surprised by the nonappearance of a material witness, who has been duly subpœnaed, under circumstances which are known by him when the case is called for trial and which give him no reason to expect that such witness intends to appear, to at once apply to the court for a postponement of the trial or a continuance of the cause; and, if he fails so to do and enters upon the trial, he does so at his peril; and, in such a case, it will not be held to be an abuse of discretion for the court to refuse to grant a continuance, not applied for until after the other side has rested.

3. **Appeal:** RULINGS ON EVIDENCE. Rulings of the trial court in the admission and exclusion of evidence, examined and set out in the opinion, *held* no error.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*H. C. Vail,* for appellant.

*W. R. Patrick, A. E. Garten* and *O. M. Needham, contra.*

FAWCETT, J.

On May 22, 1908, plaintiff filed a complaint before the county judge of Boone county, charging that she was an unmarried woman, that she was then pregnant, with a bastard child, and that defendant was the father of such child. Defendant was held to the district court, where, upon trial duly had, judgment was rendered in favor of plaintiff, and defendant appeals.

Five errors are assigned for a reversal, which we will consider in the order in which they appear in defendant's brief.

1. That the court erred in overruling defendant's application for a continuance. From the statements made in defendant's brief, it appears that the case stood for trial at 9 o'clock A. M. December 16. December 7 defendant filed in the office of the clerk a precipe for a subpœna for witnesses, one of whom was Albert Umlauf. The subpœna was returned December 9, duly served upon the witness named, and with the statement that no demand was made by Umlauf for witness fees. It appears from the statement of counsel for defendant in his brief that when the case was called for trial, and before the *voir dire* examination of the jurors commenced, he made a statement to the court that a subpœna had been duly served upon the witness Umlauf, that a return of service had been made, and "that on the evening of the 15th day of December defendant sent his hired man to the place where the witness Umlauf was working in order to bring Umlauf to the home of defendant so he could come with defendant to Albion December 16 to be a witness in this case. That Umlauf stated to defendant's hired man that he would finish corn husking and then come over to defendant's house and go with him to Albion December 16. That the witness

Umlauf did not appear at the residence of defendant as he promised, and did not make his appearance in court at the opening of the trial of this case. That defendant had been informed that the party where Umlauf was working had stated that Umlauf had left their place the evening of December 15, and that was all defendant was able to learn as to the whereabouts of the said Umlauf. That defendant had made his arrangements to go to trial at that time, and that he was ready to go to trial, provided he could obtain the presence of the witness Umlauf, who was a material witness for the defense. That defendant would insist upon the presence of the witness before proceeding to place his defense before the jury, and that, if the witness failed to appear before the time the plaintiff had introduced her evidence, the defendant would make a showing for a continuance on account of the absence of the witness." There is no showing as to what the court said when counsel made this statement, nor is there any intimation in the record that the court advised him that the trial might proceed subject to his right to make such a showing after plaintiff had rested, in the event that the witness Umlauf did not appear. After the jury had been selected, defendant filed an affidavit stating the facts of the service of the subpoena and the nonappearance of Umlauf, in which affidavit he stated "that said witness is not in attendance at court, and affiant on inquiry has been unable to learn the present whereabouts of the said witness," whereupon the court issued an attachment, which proved unavailing, as the witness was not found. On the next day, December 17, after plaintiff had rested, defendant moved for a continuance of the case and filed the affidavit of defendant in support thereof. The affidavit recites the facts substantially as above set out, and further states that the last information affiant had been able to procure as to the whereabouts of the witness was from persons who had seen the witness in Petersburg on the evening of December 15 at about 8 o'clock; that the witness Umlauf was a material

witness, and then set out the facts which he stated Umlauf would, if present, testify to, which facts, it must be conceded, constituted material testimony. The affidavit further stated: "Affiant believes that the said Albert Umlauf has temporarily left Petersburg, Nebraska, to avoid the attendance as a witness in this case. Affiant further believes if the court will continue this case that he will be able to find the said Albert Umlauf, and take his testimony in the case." The court overruled the motion for a continuance and the trial proceeded. The rule is well settled than "an order denying a continuance of a cause will not be reversed except for an abuse of discretion." *Storz v. Finklestein,* 48 Neb. 27; *Taylor v. State,* 86 Neb. 795. In the face of this rule defendant's contention must fail. We cannot say that under the facts and circumstances shown the court abused its discretion in denying the continuance. Defendant knew when the case was called for trial all the facts within his knowledge at the time he made his application for a continuance after plaintiff had rested. He then knew, as shown by the statement of his counsel, that Umlauf had not kept his promise to go to defendant's house on the evening of the 15th and accompany defendant to the county seat on the morning of the 16th. He had also then been advised that the gentleman for whom Umlauf had been working had stated that Umlauf had left his place the evening of the 15th for parts unknown. With that knowledge then in his possession, if he did not desire to run the risk of a trial without the presence of Umlauf, he should at once have made his application for a continuance; and this is especially true when no assurance was given him by the court that in proceeding with the trial he did not waive his right to subsequently make such application. He had no right to consume the time of the court and put plaintiff to the trouble and expense of proceeding with the trial of her case upon the mere hope, which his own statement shows was unfounded, that the witness would appear in time to serve his purpose. We think the true rule

should be, and is, that it is the duty of a party when surprised by the nonappearance of a material witness, who has been duly subpoenaed, under circumstances which are known by him when the case is called for trial and which give him no reason to expect such witness intends to appear, to at once apply to the court for a postponement of the trial or a continuance of the case; that, if he fails so to do and enters upon the trial, he does so at his peril, and it will not be an abuse of discretion for the court to refuse, after the other side has rested, to grant a continuance. In *City of Lincoln v. Staley*, 32 Neb. 63, we held: "Where a case is called which a party is not prepared to try, he should move for a continuance, stating the grounds on which a continuance is sought, supported, if necessary, by affidavits." In the opinion in that case, speaking through Mr. Justice MAXWELL, we said: "If, after the jury has been impaneled, witnesses on behalf of a party have absented themselves so that their testimony cannot be had, that fact should be brought to the attention of the court by affidavit, together with the statement of the testimony which was expected to be given by them. The court, on a sufficient showing, will allow the moving party to withdraw a juror and continue the case to a later day in the term or to a succeeding term, but at his costs if he was at fault. A party cannot, however, proceed with the trial without objection and after a verdict against him set up defects as grounds for a new trial which should have been brought to the attention of the court before the case was submitted to the jury." In *Corbett v. National Bank of Commerce*, 44 Neb. 230, it appeared that when the case was regularly reached for trial one of the attorneys for the defendant orally stated that "the attorney for the defendant"—evidently meaning senior counsel in the case—was unavoidably absent from the state, but would soon return and attend to the trial of the case called, if it should be postponed for a short time. The trial judge insisted that the case must be dismissed, tried or continued generally. Plaintiff, being unwilling to have

the case disposed of, insisted upon a trial, which resulted in a judgment for the plaintiff. This was alleged as error in the motion for a new trial. In the syllabus we held: "An attorney whose case is called for trial, if unprepared, should at once make such showing to entitle him to a postponement as lies within his power, and, if he fails so to do, he will not be permitted in support of a motion for a new trial to urge such matters within his knowledge as, properly presented, should have operated to excuse his entering upon a trial in the first instance." Paraphrasing that syllabus, we think an attorney whose case is called for trial, if unprepared, on account of the absence of a material witness who he has no reason to expect will appear during the trial, should at once make such showing to entitle him to a postponement or continuance, and, if he fails so to do, he will not be permitted at a later stage of the trial, and after plaintiff's case is all in, to urge such matters within his knowledge as, properly presented, should have operated to excuse his entering upon a trial in the first instance. See, also, *People v. Logan*, 123 Cal. 414.

2. "The plaintiff was allowed on her direct examination to state that she had never had intercourse with any male person other than the defendant." It is argued that the effect of her statement was to elicit from the witness a purely collateral issue and that it could not make any difference under the issues joined whether plaintiff had ever sustained illicit relations with any one other than defendant, unless it was during the period of gestation. We do not think the court erred in admitting this testimony. Defendant throughout the trial and in his statements prior to the trial had been associating plaintiff's name with a number of other men in a manner calculated to create the impression that she had been guilty of illicit relations with some one or more of those men. In such a case we think it was perfectly proper for the court to permit plaintiff to answer generally that she had never sustained illicit relations with any man other than the defendant.

3. "Plaintiff was allowed, in her direct examination, to

state that she told defendant that he had a wife and ought to leave her alone, and that defendant stated to her that he did not care for his wife," and other testimony of a like character. Defendant was insisting that one reason why plaintiff's accusation was improbable was that defendant's wife was a healthy woman, that they had a family of children, and that the most cordial relations existed between the defendant and his wife. We think the testimony objected to was properly received.

4. Under the fourth assignment it is contended that the court erred in permitting plaintiff to testify that defendant, at the time she lived in his home, objected to her having any company. It had been claimed by defendant that during that time he had exercised care over her and had objected to her keeping company with young men whom he considered objectionable. The testimony objected to was for the purpose of showing that he objected to her keeping company with any young man. We are unable to see any error in admitting it.

5. "On page 24 of the transcript, in plaintiff's direct examination, she was allowed to testify that she was mistaken when she testified she had intercourse on the 22d day of September instead of the 15th." It seems that in the examination before the county judge she testified that her first intercourse with defendant was on September 22, and in the trial in the district court she fixed the date one week earlier, September 15. On cross-examination counsel for defendant sought to interrogate the witness as to the discrepancy in date between her testimony in the county court and in the district court, but upon objection of plaintiff was not permitted to do so. Counsel in his brief says: "The theory of the trial court in limiting the cross-examination was based on the case of *Masters v. Marsh,* 19 Neb. 458, which excluded cross-examination as to the different statements made in the two courts. With all due respect to the court, the effect of the rule in the *Masters* case is to cut off and curtail cross-examination." We do not see how this could in any manner prejudice

defendant. Having upon the trial fixed the date of defendant's first act of intercourse with her at a date materially different from that stated in her examination before the county judge, defendant had the full benefit of that contradiction; and the question was submitted to the jury under an instruction which is not questioned. Moreover, *Masters. v. Marsh, supra,* is in harmony with section 5, ch. 37, Comp. St. 1909. It has never been overruled, nor do we see any reason why it should be.

No error in the giving or refusing of instructions is assigned in defendant's brief, nor is there any assignment that the evidence received is insufficient to sustain the verdict, nor that the amount of the judgment is excessive. Defendant appears to have had a fair trial, and, finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.